## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

GAYLE HELMAN, an individual,

                                             CASE NO.:  12-CV-80808

       Plaintiff,

vs.


BANK OF AMERICA, successor by merger
to BAC Home Loan Servicing, LP f/k/a/
Countrywide Home Loan Servicing, LP.

_____
       Defendant.                      /

### AMENDED COMPLAINT

Plaintiff hereby sues the Defendant on behalf of herself and the class of persons similarly situated and avers as follows:

### STATEMENT OF THE CASE

This case is about a defendant, which improperly continued to collect "debts" after those debts had been discharged in bankruptcy.  Defendant also knew that the debt had been discharged and made false and misleading statements in relation to the prior loan and prior debt.  Because the Defendant knowingly and intentionally made false and misleading statements and engaged in these deceptive, unfair and predatory practices, punitive damages are also appropriate.

### JURISDICTION AND VENUE

1.  This Court has original federal jurisdiction pursuant to 15 U.S.C. § 1692k and  diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1367, as this action involves citizens of different states and claims for damages in excess of $75,000, exclusive of interest and costs.

2.  Venue is proper in in this District pursuant to 28 U.S.C. § 1391 (b)(2) and (3) because this is where a substantial part of the events or omissions occurred.

## PARTIES

3.     Plaintiff, GAYLE HELMAN, is an individual residing and domiciled in the Southern District of Florida in the State of Florida.  She brings this action on her own behalf and on behalf of all members of all classes of persons similarly situated in relation to the Defendant.

4.     Defendant BANK OF AMERICA, (hereinafter the "Defendant" or the "Bank") is not a citizen of Florida, but instead a Delaware corporation with its principal office in Charlotte, North Carolina.  Based on information and belief, Defendant is the successor to BAC Home Loan Servicing LP f/k/a/ Countrywide Home Loan Servicing, LP.  This Court has personal jurisdiction over the Defendant because Defendant is registered with the Florida Secretary of State to do business in the State of Florida and with its registered agent located in the Southern District of Florida.  Defendant is also subject to jurisdiction in Florida because Defendant does substantial business in Florida and because this is where the conduct took place which give rise to the causes of action.

## GENERAL ALLEGATIONS

5.     On or about February 2004, HELMAN obtained a home loan from Defendant (hereinafter referred to as the "Loan.").

6.     In or about November 2004, Defendant also provided HELMAN with a Secured Revolving Credit Agreement wherein she was issued a $50,000 credit line as part of a home equity line of credit (hereinafter referred to as "HELOC").

7.     Defendant was  creditor of the Plaintiff, as defined by the Fair Debt Collection Practices Act.

8.     On or about May 9, 2009, HELMAN filed for bankruptcy protection under Chapter 7 of the Bankruptcy code.

9.     Both the Loan and HELOC debts were listed as part of the bankruptcy.

10.     In or about June 2010, the Loan and the HELOC debts were discharged in bankruptcy.

11.     Due to the bankruptcy discharge, Plaintiff was no longer liable for these debts and was no longer a "debtor."

12.     As a result of the bankruptcy discharge, Defendant was no longer Plaintiff's creditor.

13.     At all relevant times, Defendant knew that the debts had been discharged in bankruptcy.

14.     Nevertheless, Defendant continued efforts to collect on the debts in violation of the law.

15.     Defendant continued to send monthly invoices to Plaintiff since June 2010.

16.     In the monthly statements/invoices, Defendant used language to indicate that the person still "owed" a "debt" to Defendant.  Defendant also used language, which suggested that if the person was no longer in bankruptcy, then the person still owed the debt to the Defendant.   These representations were false.

17.     Defendant advised Plaintiff of the "Monthly payment breakdown" and  "Home Payment Due" and that "If we do not receive the next scheduled loan payment…the loan may be assessed a late charge."   Defendant also continued to state a duration for the discharged "debt," such as "Contractual remaining term 7 years 9 months" and the "loan maturity date."  Defendant told Plaintiff that she had an "Outstanding Balance" and a "Total Principal Balance" that was still due and owing.  Defendant told Plaintiff that the payment had a due date and there was a "Current Payment Due" and "Minimum Payment Due."   Defendant further referred to "your loan" thereby implying that a loan still existed, when in fact said "loan" obligation had been discharged in bankruptcy, and Defendant knew it.

18.     The statements made by the Defendant each month, in the monthly statements sent to Plaintiff (and other members of the class), were false, misleading and intentionally made.

19.     Defendant made statements in a manner to suggest that Plaintiff, and members of the class, still owed money to the Defendant.

20.     Defendant made statements in a manner with the intent to induce the recipient of the statements to make payments to Defendant.

21.     Defendant further attempted to provide legal advice as to Plaintiff's legal obligations, if Plaintiff was currently in bankruptcy.

22.     Despite its attempt to claim that it was not trying to obtain payment from Plaintiff, Defendant knew that people would believe that they still owed the money and that they had to make payment to the Defendant.  Indeed, that is the very reason why the Defendant continued to send the letters every month.

23.     Members of the public began complaining to Defendant about Defendant's attempt to collect on a discharged debt.  But Defendant did not change its behavior.  Rather, Defendant simply added language to the monthly invoices claiming that the statements were bring provided "For Information Purposes."  Said statement was false and/or misleading in that the statements were made for the purpose of inducing payment and reflect consciousness of guilt on the part of the Defendant.

24.     Defendant further claimed that it was not attempting to collect on the "debt" and not demanding payment.

25.     Said statements were false and/or misleading in that there was no "debt" and the statement was made for the purpose of inducing payment on the "loan" and/or debt, which had been discharged.  The statements were made with the intent to continue to induce and/or pressure members of the public to pay on the discharged debt.

26.     Yet, Defendant then told Plaintiff that it was a "debt" collector.

27.     Due to the discharge in bankruptcy, Plaintiff did not owe a "debt" to Defendant on these loans and Defendant was not a "creditor" to Plaintiff on these loans.

28.     With full knowledge of the bankruptcy and that the monthly statements confusing members of the public, Defendant continued in its efforts to collect the money using language to suggest that members of the public still owed a "debt" to the Defendant and that a "loan" was still due and owing.

29.     Based on information and belief, the Defendant is in the routine habit of intentionally violating the law and trying to pressure members of the public to pay debts that are no longer valid.

30.     The Defendant routinely misrepresent the character, amount and legal status of a "debt" not actually owed to the Defendant.

31.     Defendant also improperly included interest and fees, which were not due and owing because the debt was discharged.   Defendant misrepresented the debt and the status of the debt.

32.     The Defendant used unfair and deceitful practices and tactics to trick Plaintiff into paying substantial money on debts that were discharged in bankruptcy.

33.     The Defendant purposefully targeted members of the public, which Defendant knew had limited financial resources to seek legal advice and assistance, as a result of the bankruptcy.  Such actions constitute predatory, selective and discriminatory actions in violation of the law.

34.     Based on information and belief, Defendant has ben sanctioned by various bankruptcy courts for attempting to collect on debts in violation of the law.   Nevertheless, the Defendant has continued to violate the law, including Plaintiff's rights and the rights of members of the class, because Defendant has a significant financial incentive to continue to take money from the public, until they are stopped.

35.     Defendant routinely engages in this misconduct and must be stopped because Defendant's actions are unfair, deceptive against public policy and in violation of federal law.

36.     As a result of Defendant's actions, Plaintiff has been damaged and seeks to recover all monies paid to Defendant, for statutory penalties, for attorney's fees, interest, treble damages and punitive damages.  Plaintiff also seeks to protect the class of citizens who are similarly situated.

37.     Plaintiff has retained the undersigned counsel who is experienced and competent and has agreed to pay counsel a reasonable fee in relation to representation in this matter.

38.     All conditions precedent to the filing of this lawsuit have been satisfied, met or waived by the Defendant or Defendant is estopped by its actions from denying the conditions have been met and any statute of limitation tolled due to Defendant's fraudulent and deceptive conduct.

## CLASS ALLEGATIONS

39.     Plaintiff incorporates the allegations set forth above and states that she is a member of a class of persons who had their debts discharged in bankruptcy and who, subsequently thereto, paid money on the discharged debts in relation to the Defendant's actions.

40.     Plaintiff and the Class, and if necessary secondary classes or subclasses for each state where members of the class reside, request this case be certified as a class action pursuant to FED. R. Civ. P., Rule 23 because the class is numerous and joinder of all members is impracticable.  There are questions of law and fact that are common to the members of the class (and if necessary a subsequent classes and subclasses with questions of law and fact that are common to the members) and these common questions predominate over individual issues.  The facts supporting the named Plaintiff's claims are typical of all class claims.  The named Plaintiff has no interest adverse to the interests of other members.  The named Plaintiff will fairly and adequately protect the class interests.  A class action is superior to the other available methods for the fair and efficient adjudication of the controversy and to protect members of the public.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

41.     Plaintiff reincorporates and realleges the general allegations stated in paragraphs 1 through 40 above as if fully stated herein.

42.     This is an action for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*.

43.     Plaintiff is a consumer and Defendant a debt collector.

44.    Defendant attempted to collect on a "debt" that had been previously discharged and misrepresented the character, amount and legal status of the "debt."  In fact, there was no debt and Defendant was no longer Plaintiff's "creditor."

45.    Defendant also made false representation, misrepresented the debt and/or used deceptive means to collect or attempt to collect the "debt" in violation of the law.

46.    The Defendant used unfair debt collection practices by attempting to collect  an amount when it was not permitted by law.

47.    The Defendant continued to communicate with the Plaintiff, knowing that the Plaintiff was represented by an attorney with respect to the debt.

48.    The Defendant tried to, and did, collect on a debt in Florida, knowing that it was not registered to collect on a debt in Florida.

49.    The Defendant continued to try to collect on the debt, after Plaintiff demanded that the Defendant verify the debt.

50.    The Defendant's conduct constituted an unfair and/or deceptive debt collection practices.

51.    Defendant obtained money from the Plaintiff in relation to the deceptive and unfair collection practices.

52.    Plaintiff has been damaged as a result of Defendant's actions and seeks compensatory damages and statutory penalties.

WHEREFORE Plaintiff and the class demand entry of judgment against Defendant for statutory damages and penalties, actual damages, attorney's fees and cost, interest and any other ancillary relief this court deems just and proper including an order declaring such practices illegal and enjoining Defendant from further actions.

## COUNT II
## VIOLATION OF THE CONSUMER COLLECTION PRACTICES ACT

53.     Plaintiff reincorporates and realleges the general allegations stated in paragraphs 1 through 40 above as if fully stated herein.

54.     Plaintiff and each member of the class bring claims under Florida's Consumer Collection Practices Act, Florida Statute Chapter 559, and the similar statute(s) of each state for each respective member residing outside of the State of Florida.

55.     Defendant has engaged in unfair and deceptive collection practices.

56.     Defendant claimed, attempted, or threatened to enforce a debt knowing that the debt was not legitimate or asserted the existence of some other legal right knowing that the right did not exist.  This included Defendant's claim to the right to "payment" of outstanding balances, and current and minimum payments due and owing.   It also included Defendant's attempt to collect interest and fees, not due and owing because the debt was discharged, thereby misrepresenting the debt and its status.

57.     The Defendant continued to communicate with the Plaintiff, knowing that the Plaintiff was represented by an attorney with respect to the debt.

58.     The Defendant used a communication that simulated or that gave the appearance of being authorized, issued, or approved by a government, governmental agency, or attorney at law, when it is not.

59.     Plaintiff has been harmed as a result of the Defendant's actions.

WHEREFORE Plaintiff and the class demand entry of judgment against Defendant for statutory damages and penalties, actual damages, attorney's fees and cost, interest, treble damages, punitive damages, and any other ancillary relief this court deems just and proper including an order declaring such practices illegal and enjoining Defendant from further actions.

## COUNT III
## <u>VIOLATION OF THE UNFAIR AND DECEPTIVE TRADE PRACTICES ACT</u>

60.     Plaintiff reincorporates and realleges the general allegations stated in paragraphs 1 through 40 above as if fully stated herein.

61.     Plaintiff and each member of the class bring claims under Florida's Consumer Collection Practices Act, Florida Statute Chapter 501, and the similar statute(s) of each state for each respective member residing outside of the State of Florida.

62.     The Defendant engaged in unfair <u>and/or</u> deceptive trade practices.

63.     Defendant continued to collect on a debt, which it knew had been discharged in bankruptcy and in violation of the law.  As a result of the bankruptcy, Defendant knew that Plaintiff and members of the class were in serious financial troubles.

64.     Defendant also engaged in unfair and deceptive trade practices by sending false, misleading and/or deceptive monthly statements/invoices to the Plaintiff indicating that a debt was still owed to the Defendant, when Defendant knew said debt was not owed to the Defendant.

65.     Plaintiff has been harmed as a result of the Defendant's misconduct.   Through its deceptive and/or unfair practices, Defendant has caused actual damage to Plaintiff.

WHEREFORE Plaintiff and the class demand entry of judgment against Defendant for statutory or treble damages and penalties, disgorgement, actual damages, punitive damages, attorney's fees and cost, interest, and any other ancillary relief this court deems just and proper including an order declaring such practices illegal and enjoining Defendant from further actions.

## COUNT IV
## <u>CONVERSION</u>

66.     Plaintiff reincorporates and realleges the general allegations stated in paragraphs 1 through 40 above as if fully stated herein.

67.     This is a common law action for conversion, where Defendant wrongfully asserted dominion over Plaintiff's property and said dominion was inconsistent with Plaintiff's ownership.

68.     Each month, Defendant obtained money from Plaintiff under false pretenses. Defendant sent deceptive, false and misleading statements to Plaintiff so Defendant could obtain Plaintiff's property and deprive her of the use of said property.   The money was delivered each month at the same time, by one act and in one mass.  Through its actions, Defendant then took Plaintiff's money.

69.     At all relevant times, Defendant's control and possession of the monies was unauthorized.

70.     Defendant's use was contrary to Plaintiff's enjoyment.

71.     Defendant unlawfully misappropriated the money and deprived Plaintiff of the use of said money permanently or for an indefinite period of time.

72.     Defendant's unauthorized use of Plaintiff's money has caused harm to Plaintiff.

WHEREFORE Plaintiff and the class demand entry of judgment for damages, interest, costs, against Defendant, punitive damages and any other such ancillary relief that this Court deems just and proper under the circumstances.

## COUNT V
## FRAUDULENT INDUCEMENT

73.     Plaintiff reincorporates and realleges the general allegations stated in paragraphs 1 through 40 above as if fully stated herein.

74.     This is a common law action for fraudulent inducement.

75.     At all times, Defendant knowingly and intentionally and with scienter made false and misleading statements to the Plaintiff, as set forth in paragraphs 16, 17, and 21 to 25, with the intent to induce Plaintiff to act in reliance on those statement (by paying money to the Defendant).

76.     Defendant obtained money from Plaintiff through the use of false and misleading statements and said representations were material.

77.     Plaintiff relied on the truthfulness of the fraudulent and misleading statements by providing money to the Defendant.

78.     Plaintiff has been damaged as a result of the Defendant's misconduct.

WHEREFORE Plaintiff and the class demand entry of judgment against the Defendant for actual damages, punitive damages, interest and costs and any other relief this court deems just and proper.

## COUNT VI
## NEGLIGENT MISREPRESENTATION

79.     Plaintiff reincorporates and realleges the general allegations stated in paragraphs 1 through 40 above as if fully stated herein.

80.     This is a common law action for negligent misrepresentation.

81.     Defendant made false and misleading representation of material facts relating in relation to a commercial transaction, as set forth in paragraphs 16, 17, and 21 to 25.

82.     Defendant knew of the misrepresentation, made the misrepresentation without knowledge of its truth or falsity, or should have known the representation was false or misleading

83.     Defendant intended to induce Plaintiff to act on the misrepresentation.

84.     Plaintiff did not know that she was being deceived and that Defendant had suppressed the truth from her about its intentions and designs.

85.     Plaintiff justifiably relied upon the Defendant's misrepresentation and has been injured as a result thereof.

WHEREFORE Plaintiff and the class demand entry of judgment against the Defendant for actual damages, punitive damages, interest and costs and any other relief this court deems just and proper.

## JURY TRIAL

Plaintiff and members of the class demand a trial by jury on all matters so triable.

Respectfully submitted,

THE STABENOW LAW FIRM, PLLC
*Counsel for Plaintiff*
300 South Biscayne Blvd., #1026
Miami, Florida  33131
Telephone:  (305) 904-3777
Facsimile: (305) 357-0962
Tony@StabenowLaw.com

By:  /s/ Tony Lee Stabenow, Esq.
Tony L. Stabenow, Esq.
Florida Bar No.: 0033328

## CERTIFICATE OF SERVICE

I hereby certify that on January 23, 2013, I electronically filed the foregoing Amended Complaint with the Clerk of the Court by using the CM/ECF system at:

Sara F. Holladay-Tobias
Florida Bar No. 0026225
sfhollad@mcguirewoods.com
Emily Y. Rottmann
Florida Bar No. 093154
erottmann@mcguirewoods.com
McGUIREWOODS LLP
50 N. Laura Street, Suite 3300
Jacksonville, FL 32202
(904) 798-3200
(904) 798-3207 (fax)

By:   /s/ Tony Stabenow
Tony Lee Stabenow, Esq.
Fla. Bar. No. 033328