UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

GAYLE HELMAN, an individual,

    Plaintiff,

vs.                                CASE NO.: 9:12-cv-80808

BANK OF AMERICA, successor by
Merger to BAC Home Loan Servicing,
LP f/k/a Countrywide Home Loan
Servicing, LP,

    Defendant.
_____

**DEFENDANT BANK OF AMERICA, N.A.'S MOTION TO
DISMISS PLAINTIFF GAYLE HELMAN'S AMENDED COMPLAINT**

    Defendant Bank of America, N.A. ("BANA"), pursuant to Rules 8, 9 and 12(b)(6), moves the Court for an Order dismissing the Amended Complaint filed by Plaintiff Gayle Helman ("Plaintiff"). In support of this motion, BANA submits the following Memorandum of Law.

## INTRODUCTION

    Plaintiff filed her Complaint on July 30, 2012 for claims purportedly arising from her Bankruptcy Court filing in May 2009. On December 11, 2012, Defendant filed a Motion to Dismiss. (D.E. 6.) On January 23, 2013, Plaintiff filed an amended complaint ("Amended Complaint"). (D.E. 13.)

    Like the Complaint, the Amended Complaint asserts that Plaintiff's mortgage loan was discharged in bankruptcy and alleges that BANA's subsequent collections activity violated consumer protection statutes and amounted to fraud. However, significantly, Plaintiff's Amended Complaint fails to

adequately allege or show that BANA actually sought post-discharge payments from Plaintiff, and, therefore, the Amended Complaint fails to state any cause of action against BANA.  Thus, for these reasons and other reasons stated herein, Plaintiff has failed to state a valid claim for relief as to any Count.

## FACTUAL ALLEGATIONS

According to the Amended Complaint, in February 2004, Plaintiff obtained a home mortgage loan from BANA, and, subsequently, a home equity line of credit (collectively, the "Loan").  Am. Compl. ¶¶ 5 and 6.  The Amended Complaint, like its predecessor, does not identify the property address.  However, on or about May 13, 2009, Plaintiff filed a voluntary petition under Chapter 7 in the Bankruptcy Court for the Southern District of Florida which identified a first and second mortgage owed to BANA for a property located at 2825 Casita Way, Apt. 207, Delray Beach, Florida (the "Property").  Def.'s Exh. 1, p. 14.

Plaintiff alleges that the Loan was discharged on or about June 10, 2010.  Am. Compl. ¶¶ 10-11.  Plaintiff further alleges that BANA continued to send Plaintiff "monthly statements."  Although Plaintiff makes no specific allegation of any particular payment, the Amended Complaint implies that Plaintiff continued to make monthly payments.  Am. Compl. ¶ 39.

Plaintiff's allegations regarding the precise nature of these "monthly statements" are not entirely clear.  The Amended Complaint reduces their contents to a few terms and then argues what "people would believe" based on selected fragments.  Am. Compl. ¶¶ 17 and 22.  <u>Notably, Plaintiff fails to attach any written communication or reproduce their contents verbatim.</u>  Moreover,

2

Plaintiff does not deny that she remained in possession of the Property following discharge and continues to retain full enjoyment of the Property.

Generally, Plaintiff asserts that BANA's "collections activity" after the alleged discharge violated the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692; Florida's Consumer Collections Practices Act ("FCCPA"), Florida Statute Chapter 559; Florida's Deceptive and Unfair Trade Practices Act ("FDUPTA"), Florida Statute Chapter 50; and amounted to common law conversion, fraud and negligent misrepresentation. *See generally* Am. Compl.

As discussed herein, Plaintiff has failed to state a valid claim for relief as to any Count.

## STANDARD OF REVIEW

Rule 12(b)(6) permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).

A complaint fails to state a claim where it fails to comply with the pleading requirements of Federal Rule of Civil Procedure 8(a). *Id.*; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a). To satisfy Rule 8(a), a

3

complaint must offer more than the "unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 139 S. Ct. at 1949-50.  To withstand a motion to dismiss, the factual allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," and, when accepted as true, "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 55 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  A complaint that fails to state a plausible claim will not survive a motion to dismiss.  *Iqbal*, 129 S. Ct. at 1950.

## **ARGUMENT**

### I. PLAINTIFF'S AMENDED COMPLAINT VIOLATES RULE 8.

The Amended Complaint commences with "General Allegations" and then enumerates six Counts which provide little, if any, factual allegations.  *See* Compl.  The pleading now before this Court, which fails to provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8.  Accordingly, Plaintiff's entire Amended Complaint must be dismissed.

### II. BANA IS NOT A DEBT COLLECTOR UNDER THE FDCPA.

Plaintiff's Amended Complaint alleges that BANA was the Loan originator.  Am. Compl. ¶ 5.  Plaintiff previously alleged that BANA was the Loan servicer.  Compl. ¶ 7.  In the Amended Complaint, however, Plaintiff omits this allegation and alleges instead that BANA is a "creditor" under the FDCPA.  Am. Compl. ¶ 7.

Rather than strengthening Plaintiff's position, this shift in pleading tactics invalidates Plaintiff's theory in its entirety.  In order to state a valid claim under the FDCPA, Plaintiff must adequately allege that BANA acted as a "debt

collector." *Bentley v. Bank of Am., N.A.*, 773 F. Supp. 2d 1367, 1371 (S.D. Fla. 2011). Significantly, creditor status does not trigger liability under the statute. 15 U.S.C. § 1692k (liability for civil actions limited to debt collectors). On the contrary, creditor status effectively exempts a defendant from liability.

The FDCPA was designed to curtail certain practices by debt collectors. 15 U.S.C. § 1692(d) (purpose of statute is "to eliminate abusive debt collection practices by debt collectors . . .") A "debt collector" is, in essence, anyone who collects debts owed to another, with exceptions for, *inter alia*, the loan originator and anyone servicing a loan before a default. § 1692a(6) and (6)(F)(ii) (defining "debt collector" as person collecting debt "due another" and expressly excluding loan originator and loan servicer engaged before default). By contrast, a "creditor" is the person to whom the debt is actually owed. § 1692a(4) (defining "creditor" as person who originated debt or to whom debt is owed). Therefore, absent other circumstances that do not apply here, the FDCPA's definitions for "debt collector" and "creditor" are mutually exclusive; a person cannot simultaneously be both the creditor and the debt collector. *Compare* § 1692a(4) *with* § 1692a(6) and (6)(F)(ii).

Plaintiff's assertion that BANA is a creditor under the FDCPA, in essence, precludes Plaintiff's subsequent and unsupported allegation that BANA is a debt collector under the FDCPA. Am. Compl. ¶ 43. Moreover, even if this unusual approach to pleading an FDCPA claim is overlooked, Plaintiff has alleged no facts whatsoever from which this Court can conclude that BANA is a "debt

5

collector" within the meaning of § 1692a(6), and, therefore, the claim must be dismissed on this basis alone.

Finally, to the extent that Plaintiff still contends that BANA was acting as the mortgage servicer, a position she has apparently abandoned, this argument also fails because Plaintiff does not allege that the Loan was in default at the time BANA became the Loan servicer.  This precise issue was recently addressed in *Foxx v. Ocwen Loan Servicing, LLC*, 2012 U.S. Dist. LEXIS 78864 (M.D. Fla. June 6, 2012). *Foxx* enunciates the analysis applicable to this matter. First, "[i]n order to prevail on an FDCPA claim, a plaintiff must prove that: (1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant engaged in an act or omission prohibited by the FDCPA." *Id.* at *8 (quoting *Bentley v. Bank of Am., N.A.*, 773 F. Supp. 2d 1367, 1371 (S.D. Fla. 2011)). Second, "the FDCPA's definition of debt collector specifically excludes 'any person collecting or attempting to collect any debt owed . . . to the extent such activity . . . (ii) concerns a debt which was originated by such person; [or] (iii) concerns a debt which was not in default at the time it was obtained by such person.'" *Id. (*quoting 15 U.S.C. § 1692a(6)(F)). "Thus, a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned." *Id.* at *9 (quoting *Belin v. Litton Loan Servicing, LP*, No. 8:06-cv-760-T-24EAJ, 2006 U.S. Dist. LEXIS 47953, 2006 WL 1992410, at *2 (M.D. Fla. July 14, 2006)).

6

Because Plaintiff has not alleged that the debt was in default at the time that BANA became the mortgage servicer, Plaintiff has not alleged any facts demonstrating that BANA was a debt collector within the ambit of the FDCPA.

For these reasons, Plaintiff's Count I must be dismissed.

### III. PLAINTIFF HAS FAILED TO ALLEGE ANY VIOLATION OF THE FCCPA.

Count II of the Amended Complaint alleges that BANA violated the FCCPA by engaging in post-discharge collections. Am. Compl., Count II. Plaintiff, however, has not alleged a plausible case that any violation occurred. Therefore, Plaintiff has not alleged a valid FCCPA claim.

As an initial matter, the Amended Complaint, like the Complaint, fails to identify the specific provision of the FCCPA under which she is proceeding. Am. Compl. ¶¶ 54. This alone is adequate grounds for dismissal because Plaintiff has not alleged a short and plain statement showing that she is entitled to relief.

Although unknowable, it is possible that Plaintiff is pursuing a violation Florida Statute § 559.72(9), which makes it unlawful to "claim, attempt or threaten to enforce" any debt which the defendant knows is not legitimate. To the extent that this is case, Plaintiff's FCCPA claim under this subsection fails because she does not plausibly allege any "claim, attempt or threat[en] to enforce" the Loan. Indeed, rather than attaching a copy of the alleged "monthly statements," the Amended Complaint selectively edits BANA's purported communications and fails to provide a "short and plain statement" showing a clear violation of the statute or that Plaintiff is entitled to relief.

In this matter, the precise nature of the "monthly statements" referenced in the Amended Complaint is significant. For instance, the Amended Complaint acknowledges that the statements may have included a disclaimer related to any borrower in bankruptcy and that any data was "For Informational Purposes." Am. Compl. ¶¶ 23. Additionally, although the Amended Complaint *argues* that allusions to an "Outstanding Balance," "Current Payment Due" and the general existence of the Loan reflect nefarious activity, the Amended Complaint does not *show* that BANA actually attempted to enforce the Loan.

Discharge of Plaintiff's liability for the Loan does not obliterate the debt or its security. It merely relieves Plaintiff of her obligation to make payments. Indeed, the Loan must continue to exist and accrue interest and fees according to the Loan terms so that the secured creditor can have an accurate record of the amounts owed at the time of the disposition of the collateral. Thus, statements which merely keep Plaintiff apprised of the principal balance and other developments of the Loan, but do not demand payment, do not violate § 559.72(9). As a result, mere reference to the terms "your loan" or "Total Principal Balance" are insufficient to constitute a "claim, attempt or threat[] to enforce" a discharged debt.

Accordingly, Count II must be dismissed.

**IV.    FDUPTA IS INAPPLICABLE TO BANA, AND THE AMENDED COMPLAINT FAILS TO STATE A CLAIM UNDER FDUPTA EVEN IF IT WERE APPLICABLE.**

In Count III, Plaintiff attempts to bring a cause of action against BANA under the FDUPTA for unlawful collections activity. Am. Compl. ¶¶ 60-65. The

8

Florida legislature, however, has expressly exempted federally regulated banks, like BANA, from compliance with FDUTPA. Fla. Stat. § 501.212(4)(c) (FDUTPA "does not apply to…[b]anks or savings and loan associations regulated by federal agencies."); *Caban v. J.P. Morgan Chase & Co.*, 606 F. Supp. 2d 1361, 1372 (S.D. Fla. 2009) (dismissing plaintiff's FDUTPA claims "as a matter of law because the statute does not apply to federally regulated banks.").

BANA is regulated by the Office of the Comptroller of the Currency, a federal agency. *De Leon v. Bank of Am., N.A.*, 2009 U.S. Dist. LEXIS 106845, *19 (M.D. Fla. Apr. 20, 2010). Consequently, FDUPTA does not apply to BANA, and any claim under the FDUPTA fails as a matter of law.

Furthermore, even if FDUTPA applied to BANA, Plaintiff fails to properly allege the required elements for a FDUTPA claim. Specifically, Plaintiff must allege: "(1) a deceptive act or unfair practice; (2) causation; and (3) actual damages." *See Rollins, Inc. v. Butland*, 951 So. 2d 860, 869 (Fla. 2d DCA 2006).

Here, Plaintiff fails to specifically allege any injury or damages attributable to the supposed deceptive acts or practices. First, Plaintiff has failed to allege that any monthly statement that she received was deceptive. *Supra* Arg.Sec.III. Second, Plaintiff was fully aware of any discharge of her mortgage loan as she was the bankruptcy petitioner. Plaintiff cannot assert that she was harmed by deceptive practices she knew to be false. Moreover, Plaintiff does not deny that she retained full enjoyment of the Property. Therefore, Plaintiff has not alleged how any payment established an actual loss. Plaintiff's failure to allege damages causally related to the purported deceptive acts or practices alone warrants

9

dismissal. *See, e.g.*, *Urquhart v. Manatee Mem. Hosp.*, No. 8:06-cv-1418, 2007 U.S. Dist. LEXIS 17531, at *13-14 (M.D. Fla. Mar. 13, 2007); *Hanson Hams, Inc. v. HBH Franchise Co.*, No. 03-61198-CIV, 2004 U.S. Dist. LEXIS 29636, at *29 (S.D. Fla. 2004).

Accordingly, Count III must be dismissed with prejudice.

## V. PLAINTIFF HAS FAILED TO ALLEGE OR SHOW ANY ELEMENT REQUIRED FOR CONVERSION OF MONEY.

In Count IV, Plaintiff asserts that BANA engaged in conversion by obtaining money from Plaintiff under false pretenses. Am. Compl. ¶ 68. Plaintiff's theory necessarily fails because (i) she has not alleged an unauthorized act, (ii) she voluntarily made payments to BANA, and (iii) she has not identified a segregated fund that was converted.

The basis for a conversion claim under Florida law was succinctly described in *Gulf Coast Produce, Inc. v. Am. Growers Inc.*, 2008 U.S. Dist. LEXIS 17635, 11-13 (S.D. Fla. Mar. 7, 2008) as "an unauthorized act which deprives another of his property permanently or for an indefinite time." *Id.* (*quoting Special Purpose Accounts Receivable Co-op Corp. v. Prime One Capital Co.*, 125 F. Supp. 2d 1093, 1099-1100 (S.D. Fla. 2000) (citations omitted)). Florida courts have, therefore, identified three elements necessary to state a claim for conversion: (1) an act of dominion wrongfully asserted; (2) over another's property; and (3) inconsistent with his ownership therein. *Id.*

Additionally, to establish a claim for the conversion of money, "there must exist a specific fund capable of separate identification." *Id.* "Money is capable of identification where it is delivered 'at one time, by one act and in one mass, or

where the deposit is special and the identical money is to be kept for the party making the deposit….'" *Id*.

Significantly, Plaintiff does not allege that she was deprived of funds through an unauthorized act. As discussed herein, Plaintiff has failed to allege that any statement she received was unauthorized. *Supra* Arg.Sec.III. More importantly, the "act" of sending Plaintiff statements did not deprive her of any money. Rather, BANA obtained funds by virtue of Plaintiff's intentional delivery of same to BANA. Am. Compl. ¶ 68. The law of conversion cannot possibly extend to these circumstances. At the very least, Plaintiff's delivery of the funds to BANA unambiguously authorized BANA to accept them. More generally, Plaintiff's fraud-type allegations cannot be shoe-horned into a conversion claim because BANA did not assert dominion over any money through its actions, as the elements of the claim clearly requires.

Finally, Plaintiff's claim does not concern conversion of a specific fund placed for deposit. Although Plaintiff vaguely alleges that she made payments after the alleged discharge, *see* Am. Compl. ¶ 39, she clearly does not allege that she deposited any funds with BANA, or with anyone else, which BANA then appropriated. Routine, serial debt payments, which are clearly not made for safe-keeping, bear no resemblance to the special deposit required for conversion of money. Therefore, Plaintiff has not alleged the existence of a fund or account that could have even been converted.

As a result, Plaintiff's Count IV must be dismissed.

### VI. PLAINTIFF FAILS TO ALLEGE MISREPRESENTATION WITH PARTICULARITY AND FURTHER FAILS TO ALLEGE JUSTIFIABLE RELIANCE.

In Counts V and VI, Plaintiff contends that BANA knowingly or negligently made false statements concerning the mortgage debt and that she relied on the "truthfulness" of these statements by providing money to BANA. Am. Compl. ¶¶ 73-85. Plaintiff's allegations fall well short of the pleading requirements under Rule 9(b). Moreover, Plaintiff was fully aware of the truth about the validity of the debt and, therefore, could not have reasonably relied on any assertions to the contrary.

To allege a claim for common law fraud under Florida law, a party must set forth the following: 1) the defendant made a false statement or omission of material fact; 2) the defendant knew the statement was false; 3) the statement was made for the purpose of inducing plaintiff to rely on it; 4) plaintiff's reliance was reasonable; and 5) plaintiff suffered damages. *See Mergens v. Dreyfoos*, 166 F.3d 1114 (11th Cir. 1999); *see also Brough v. Imperial Sterling Ltd.*, 297 F.3d 1172 (11th Cir. 2002). In order to allege a claim for common law negligent misrepresentation a plaintiff must state the following: 1) the defendant made a misrepresentation of material fact; 2) the defendant either knew of the misrepresentation, made the misrepresentation without knowledge of its truth or falsity, or should have known the representation was false; 3) the defendant intended to induce another to act on the misrepresentation; and 4) an injury resulted to the plaintiff who acted in justifiable reliance upon the misrepresentation. *See Gilchrist Timber Co. v. ITT Rayonier, Inc.*, 127 F.3d

1390, 1393 (11th Cir. 1997) (citing *Baggett v. Electricians Local 915 Credit Union*, 620 So. 2d 784 (Fla. 2d DCA 1993)). Both causes of action are subject to heightened pleading requirements of Rule 9(b). *Arnold v. McFall*, 839 F. Supp. 2d 1281, 1288 (S.D. Fla. 2011).

Rule 9(b) provides, in pertinent part, that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). This Rule "serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior." *Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1370-71 (11th Cir.1997) (quoting *Durham v. Business Mgmt. Assocs.*, 847 F.2d 1505, 1511 (11th Cir. 1988) (internal quotation marks omitted)). This Rule is satisfied if the complaint sets forth (1) the exact statements or omissions made; (2) the time and place of each such statement and who made the statement or omission; (3) the substance of the statement and how it misled the plaintiff and (4) the defendants' gain due to the alleged fraud. *See id.* (quoting *Brooks,* 116 F.3d at 1371).

As discussed herein, Plaintiff's Amended Complaint fails to allege, and appears to purposefully elide, the precise statements or omissions made by BANA. *Supra* Arg.Sec.III. Plaintiff cannot state a claim for misrepresentation under Rule 9(b) without alleging the "exact statements." Plaintiff's allegations as to her subjective response to BANA's statements do not suffice. The Amended Complaint further fails to allege the time and place of each misrepresentation

and, therefore, further fails the Rule 9(b) test. Counts V and VI must be dismissed for these reasons alone.

Equally important, Plaintiff has not, and cannot, allege that she justifiably relied on any representation. In examining the concept of justifiable reliance, the Florida Supreme Court has explained:

> The question . . . is whether the recipient of the misrepresentation is "justified in relying upon its truth." For if the recipient "knows that it [the statement] is false or its falsity is obvious to him," his reliance is improper, and there can be no cause of action for fraudulent misrepresentation.

*M/I Schottenstein Homes, Inc. v. Azam,* 813 So. 2d 91, 94-95 (Fla. 2002) (quoting *Besett v. Basnett,* 389 So. 2d 995, 997 (Fla. 1980)) (citations omitted).

Plaintiff commenced the bankruptcy petition and was represented by counsel throughout the litigation. Def.'s Exh. 1, p. 2. The falsity of any alleged representation that the debt was valid, which has not been clearly alleged here regardless, would have been known or obvious to Plaintiff because she obtained the discharge. Thus, the Amended Complaint fails to plausibly show how Plaintiff could have been misled.

Finally, Plaintiff does not specifically allege what was obtained through the fraud. Plaintiff seeks recovery of all "monies paid to Defendant" but fails to allege when any such monies were paid, the amounts paid or why they are recoverable. Am. Compl. ¶ 36.

For the foregoing reasons, Counts V and VI must be dismissed.

## **CONCLUSION**

BANA respectfully submit that this Court should enter an Order dismissing the Amended Complaint with prejudice for the reasons stated herein and for such other and further relief as this Court deems just and proper.

*/s/ Emily Y. Rottmann*
Sara F. Holladay-Tobias
Florida Bar No. 0026225
sfhollad@mcguirewoods.com
Emily Y. Rottmann
Florida Bar No. 093154
erottmann@mcguirewoods.com
McGUIREWOODS LLP
50 N. Laura Street, Suite 3300
Jacksonville, FL  32202
(904) 798-3200
(904) 798-3207 (fax)

*Attorneys and Trial Counsel for*
*Defendants Bank of America, N.A*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 25, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and furnished a copy via United States Mail to Plaintiff at:

Tony Lee Stabenow, Esq.
THE STABENOW LAW FIRM, PLLC
300 s. Biscayne Blvd., #1026
Miami, FL 33131

*/s/ Emily Y. Rottmann*
Attorney

45950479_2.DOC

15