**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

CASE NO.:  12-CIV-80808- RYSKAMP/HOPKINS

GAYLE HELMAN,

    Plaintiff,

vs.

BANK OF AMERICA, etc.

    Defendant.

_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff hereby files this Response In Opposition to Defendant Bank of America's Motion to Dismiss Plaintiff's Amended Complaint [D.E. 21].  In opposition to the Motion, Plaintiff submits this Incorporated Memorandum of Law and states as follows:

**SUMMARY**

This case is about a former creditor, who continued to try to collect on debts that had been discharged in bankruptcy in violation of the Fair Debt Collection Practices Act ("FDCPA") and state law.  In its effort to obtain money from the Plaintiff after her bankruptcy, the former creditor continued to make false and misleading statements that Plaintiff owed money to the former creditor and that a debt still existed.  The former creditor routinely made the false statements to induce payment, even though the money was no longer owed to the former creditor and the former creditor knew it.  That former creditor is Defendant, Bank of America (referred to interchangeably as the "Defendant" or "the Bank").

Due to the numerous bankruptcies filed by consumers, the Defendant engaged in this misconduct repeatedly.  Despite being sanctioned by various bankruptcy courts, the Defendant has continued to routinely violate the rights of numerous consumers.  Defendant made a conscious decision to continue with its misconduct, with the hope of enjoying a significant financial benefit.

Defendant is engaged in the regular practice of sending these false and misleading letters to consumers, who have had their debts discharged in bankruptcy. Thus, Plaintiff filed this action against the Bank to recover the money, for statutory penalties, and for the imposition of punitive damages. The Bank's actions are clearly intentional and the Bank's continued misconduct shows that not only are punitive damages necessary, but a class action is the only appropriate vehicle to stop this type of behavior. The Defendant's actions are a perfect example of why Congress specifically allowed class actions with respect to FDCPA claims. *See* 15 U.S.C. § 1692k (2012). Thus, Plaintiff also seeks to protect the class of consumers injured by the Bank's routine, but unfair and deceptive, business practices.

As alleged in the Amended Complaint, the undeniable facts show that the Bank made a strategic financial decision to violate the law and the rights of consumers. Thus, Plaintiff filed this lawsuit and made specific allegations to support each claim against the Bank. Contrary to Defendant's assertion, this case does <u>not</u> arise from Plaintiff's <u>*filing*</u> of a bankruptcy action. [D.E. 21 at p.1]. Rather, the claims arise as a result of the <u>discharge</u> of the debts in bankruptcy, and the Defendant's actions <u>after</u> the bankruptcy discharge.[1] Because the debts had been discharged, Defendant's statements to Plaintiff (and other consumers) that the debts are still "owed," that there is a "Home Payment Due" and there is a "Current Payment Due" and a "Minimum Payment Due," are false and misleading—in violation of the federal law, as well as state statutory and common law.

Because the Bank knows the facts in the Amended Complaint are true, support by ample evidence and constitute a violation of the law, the Bank has chosen to make misrepresentations <u>*to this Court*</u> concerning the contents of the Amended Complaint. In its motion, the Bank intentionally misstates the facts alleged in the Amended Complaint and purposefully ignores other facts, so it can claim that sufficient facts have not been pled. For example, the Bank tries to claim that Plaintiff

---

[1] Copies of the bankruptcy discharge orders are attached as Exhibit A.

alleged that the Bank *is* still a "creditor."  This is blatantly false and the Bank knows it.[2]  The Amended Complaint cannot be any clearer.  As alleged in the Amended Complaint, Defendant has not been a creditor since the debts were discharged in bankruptcy. Am. Compl. ¶¶ 7-12.  Thus, because Defendant is no longer a creditor, and has not been a creditor since the debt was discharged in bankruptcy, Defendant is subject to the FDCPA.

The Bank, through its attorney, knows that dismissal of Plaintiff's Amended Complaint is the only way which the Bank can escape liability for its routine and repeated misconduct.  Thus, the Bank's attorney has chosen to misrepresent the contents of the pleadings to this Court with the hopes of misleading this Court into improperly granting the Bank's motion.  Through its attorney, the Bank must hope that the Court will not actually read the Amended Complaint to see if what is being *argued* is, in fact, a truthful and accurate recitation of the Amended Complaint.  A quick review of the Amended Complaint shows that the grounds stated by the Bank in its motion to dismiss are frivolous.  It is one thing to argue that facts have not been alleged.  It is quite another for the Bank's counsel to blatantly misrepresent the allegations and ignore others.  The Bank's desperate attempt to avoid responsibility for its actions and prevent class certification cannot justify the false statements to this Court and attempt to mislead this Court.  It is questionable whether counsel's signature on the motion to dismiss satisfies Rule 11(b)'s requirements.  The primary issue for this Court should be whether to issue a show cause order under Rule 11 for wasting the Court's time with the baseless motion to dismiss.  Because Plaintiff has properly pled all of the claims, the Defendant should be required to file an answer within ten (10) days.

---

[2] On page 4 of its motion to dismiss, Defendant falsely claims that Plaintiff alleged that Defendant "is" a creditor and cites to paragraph 7 of Plaintiff's Amended Complaint to support this claim.  Yet, paragraph 7 of the Amended Complaint states "Defendant *was* creditor of the Plaintiff, as defined by the Fair Debt Collection Practices Act."  Paragraph 12 of the Amended Complaint states "***As a result of the bankruptcy discharge, Defendant was no longer Plaintiff's creditor***." The strength of Defendant's position can be seen in the frivolous argument it is trying to fabricate by misstating the allegations of the Amended Complaint.

## FACTUAL ALLEGATIONS

In classic defense fashion and to argue that dismissal is warranted, the Defendant wholly misstates and ignores the allegations made by Plaintiff in the Amended Complaint.[3]  Defendant must believe that this Court will not actually read the complaint.  Either that or Defendant thought Plaintiff would simply ignore Defendant's misrepresentation of the allegations made in the Amended Complaint.  To assist this Court in deciding Defendant's motion and whether Plaintiff has properly alleged the facts to support each cause of action stated in the Amended Complaint, Plaintiff shall quote the relevant factual allegations of the Amended Complaint as each separate count is discussed.  As this Court will *easily* see, the Defendant is misrepresenting the allegations or wholly ignoring the allegations of the Amended Complaint to support its frivolous motion to dismiss.

## THE STANDARD

As Defendant acknowledged, the Plaintiff need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," and, when accepted as true, "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).  As this Court knows full well, in deciding whether the complaint provides fair notice to the Defendant, **the allegations are accepted as true and all doubts and reasonable inferences from the allegations are to be made in Plaintiff's favor.** *See Roberts v. Fla. Power & Light Co.*, 146 F.3d 1305, 1307 (11th Cir, 1998).  In deciding a Rule 12 (b)(6) motion directed at claims for fraud and whether a plaintiff has alleged a claim for relief, the Court must consider the allegations holistically, look at the all allegations in a collective manner, and not scrutinize each allegation in isolation. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-

---

[3] Defendant goes so far as to raise irrelevant issues, such as whether the property address is named in the pleading.  Then, in the next breath, Defendant acknowledges that the only loans it had with Plaintiff are on the property located in Delray Beach, Florida. [D.E. 21 p.2].  Defendant does not contest venue or that Defendant is subject to jurisdiction in this District for sending the false and misleading statements to Plaintiff in this District.  Thus, the property address is wholly irrelevant and just another distraction technique employed by the Defendant.  Plaintiff adequately alleged that this is "where the conduct took place which give rise to the causes of action." Am. Compl. ¶ 4.

4

326 (U.S. 2007).

I.  THE AMENDED COMPLAINT FULLY COMPLIES WITH RULE 8

In a conclusory manner, the Defendant states that the Amended Complaint does not comply with Rule 8. Defendant fails to state what facts are missing from the Amended Complaint. Although the Defendant states that the general rule--that a simple and concise statement is required--one is left to guess as to what allegations are missing on <u>any</u> of the counts. The burden is on Defendant to identify with specificity the missing facts that cause the claim to be legally defective. Because Defendant has failed to accomplish this simple task, Defendant has failed to meet its burden of showing it is entitled to relief and the motion to dismiss must be denied.

II.  BANA IS A DEBT COLLECTOR AS ALLEGED IN THE AMENDED COMPLAINT

In its motion, Defendant cites paragraph 7 of the Amended Complaint and claims that Plaintiff alleged that Defendant "is" a creditor. [D.E. 21 p. 4]. This is blatantly false and Defendant knows it. This is not an innocent mistake because Defendant acknowledges that "the FDCPA's definitions for 'debt collector' and 'creditor' are mutually exclusive; a person cannot simultaneously be both the creditor and the debt collector." [D.E. 21 at p. 5]. The Amended Complaint makes clear that defendant <u>***WAS***</u> a creditor. Specifically, paragraph 7 states "Defendant <u>***was***</u> creditor of the Plaintiff, as defined by the Fair Debt Collection Practices Act." Am. Compl. ¶ 7(emphasis added). Paragraph 12 states "As a result of the bankruptcy discharge, Defendant was no longer Plaintiff's creditor." Am. Compl. ¶ 12.

The term "was" is a verb, which has an entirely different meaning that the word "is." By using the term "was," Plaintiff made clear that Defendant has not been a creditor since the discharge in bankruptcy. Defendant admits, as it must, that the debts were discharged in bankruptcy. The Amended Complaint further alleges that "Plaintiff is a consumer **and Defendant a debt collector**." Am. Compl. ¶ 43 (emphasis added). The allegations that Defendant is no longer a creditor, but instead a "debt collector," must be assumed as true for purposes of deciding Defendant's motion to dismiss.

5

Thus, because Defendant has not been a creditor since the bankruptcy discharge and because Defendant admits that the terms "debt collector" and "creditor" are mutually exclusive, Defendant is deemed a debt collector under the FDCPA. Defendant even told Plaintiff that it was a debt collector. Am. Compl. ¶ 26.

The Amended Complaint cannot be any more concise. Defendant has misrepresented the allegations of the Amended Complaint so it can try to claim that it is a "creditor" and protected under the FDCPA.[4] However, as this Court can <u>easily</u> see, Plaintiff never alleged that Defendant ***is*** a creditor. Rather, Plaintiff alleged that Defendant ***was*** a creditor, but that the debt was discharged in bankruptcy. Under the law, Defendant is no longer a creditor, but is instead a debt collector. As this Court can <u>easily</u> see, the Defendant is misrepresenting the allegations of the Amended Complaint.

The law is clear on this as well. Defendant understands that it must be either a debt collector or a creditor because the terms are mutually exclusive. As Defendant acknowledged in its motion, "the FDCPA's definitions for 'debt collector' and 'creditor' are mutually exclusive; a person cannot simultaneously be both the creditor and the debt collector." [D.E. 21 p. 5]. The Sixth Circuit recently held that a defendant must be either a debt collector or a creditor. *See Bridge v. Ocwen Federal Bank, FSB*, 681 F.3d 355, 359 (6th Cir. April 30, 2012). As a matter of law, because Defendant is no longer a creditor, Defendant is a debt collector. The Seventh Circuit has also made clear that any attempt to collect on a debt, which has been discharged in bankruptcy, is a violation of the FDCPA. *See Ross v. RJM Acquisitions Funding, LLC*, 480 F.3d 493, 495 (7th Cir. 2007). Thus, the law is clear. After the bankruptcy, Defendant was no longer a creditor and Defendant's subsequent efforts to collect on the debts constituted violations of the FDCPA. Nevertheless, Defendant routinely made false statements and misrepresentation to collect money from the Plaintiff and others, in violation of the law. *See*

---

[4] Defendant takes issue with changes to Plaintiff's complaint. However, since the filing of the original complaint, Plaintiff obtained evidence showing that Defendant was the creditor, and thus Plaintiff has changed the complaint to conform to the evidence. This is in full compliance with the law and, in fact, required by law.

*Randolph v. IMBS, Inc*. 368 F.3d 726 (7th Cir. 2004) (as a matter of law, debt collector makes a false and misleading statements by attempting to collect on a debt discharged in bankruptcy).

As alleged in the Amended Complaint, the cause of action arose after the bankruptcy discharge. *See* Am. Compl. ¶ 10.  The Amended Complaint further alleges:

> Due to the bankruptcy discharge, Plaintiff was no longer liable for these debts and was no longer a "debtor." As a result of the bankruptcy discharge, Defendant was no longer Plaintiff's creditor. At all relevant times, Defendant knew that the debts had been discharged in bankruptcy. Nevertheless, Defendant continued efforts to collect on the debts in violation of the law.
> Am. Compl. ¶¶ 11-15.

These allegations are clear and concise and must be taken as true for purposes of deciding Defendant's motion to dismiss.[5]  It is undisputed that, due to the bankruptcy, Defendant was no longer a "creditor" and became a "debt collector."  Defendant's argument that it is "not a debt collector" is contrary to the allegations in the Amended Complaint <u>and contrary to the law</u>.  Defendant has failed to show that it is entitled to relief under Rule 12 (b)(6) and its motion to dismiss must be denied.

Lastly, Defendant claims that, to the extent that Defendant acted as a servicer, Defendant is not liable under the FDCPA.[6]  This is simply untrue, if the original creditor is no longer a "creditor," then any actions by the servicer on behalf of the former creditor are also in violation of the FDCPA.  This conclusion is necessary because, at the time of discharge, the former creditor becomes a debt collector,

---

[5] In fact, Plaintiff is entitled to summary judgment on the issue of whether Defendant is a debt collector and whether Defendant continued its collection efforts in violation of the law.

[6] The Bank implies some impropriety on the part of Plaintiff as a result of a change in her pleadings. Yet again, the Bank is trying to mislead this Court.  The Bank knows that Plaintiff has been defending herself in a state court action filed by the Bank.  Despite the Bank's repeated efforts to avoid a deposition (including the violation of one court order, which required another court-ordered deposition),  Plaintiff took the deposition of the Bank's corporate representative on January 18, 2013 (one week before Plaintiff filed her Amended Complaint).  At the deposition, the Bank's representative swore that the Bank owns the note and has always owned the note.  Thus, Plaintiff amended its pleading to conform to the Bank's sworn testimony.  The Bank's counsel attempt to mislead this Court and suggest impropriety on the part of Plaintiff is further proof of how desperate the Bank is to avoid this lawsuit.

including any agents the debt collector hires to collect money from the former debtor. Thus, in this situation, the servicer is no longer protected.

## III. PLAINTIFF HAS ALLEGED A VIOLATION OF THE FCCPA

Again, Defendant must believe that this Court will not actually review the Amended Complaint to determine if Defendant's motion truthfully and correctly restates the allegations in the Amended Complaint. In one breath, Defendant argues that Plaintiff failed to allege the provision of the FCCPA, which Defendant violated. Then, in the next breath, Defendant cites to the very provision of the FCCPA, which Plaintiff alleged the Defendant violated.[7] Defendant suggests that it is confused as to the statutory provision being relied upon and that it is "unknowable." Yet, if it is knowledge that the Defendant seeks, Defendant simply needs to read the Amended Complaint.

Specifically, Count II alleges that:

> **Defendant claimed, attempted, or threatened to enforce a debt knowing that the debt was not legitimate or asserted the existence of some other legal right knowing that the right did not exist.** This included Defendant's claim to the right to "payment" of outstanding balances, and current and minimum payments due and owing. It also included Defendant's attempt to collect interest and fees, not due and owing because the debt was discharged, thereby misrepresenting the debt and its status.
> See Am. Complaint ¶¶ 56-58 (emphasis added).

As Defendant acknowledged in its motion, paragraph (9) of the FCCPA states that no person shall:

> Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist;

---

[7] On page 7 of its Motion to Dismiss, Defendant argues that:

> As an initial matter, the Amended Complaint, like the Complaint, fails to identify the specific provision of the FCCPA under which she is proceeding. Am. Compl. ¶¶ 54. This alone is adequate grounds for dismissal because Plaintiff has not alleged a short and plain statement showing that she is entitled to relief. Although **unknowable**, it is possible that Plaintiff is pursuing a violation Florida Statute § 559.72(9), which makes it unlawful to "claim, attempt or threaten to enforce" any debt which the defendant knows is not legitimate. [D.E. 21 at p. 7 (emphasis added)].

See Fla. Stat. Section 559.72 (9) (2012).

As this Court can *easily* see, the allegation in Count II track the very language of the FCCPA. Thus, the provision of the FCCPA is clear and has been alleged. This is another example of how Defendant misrepresents the contents of the Amended Complaint. In ruling on a motion to dismiss and deciding whether a defendant has "fair notice" of the claim against it, the Court must assume that a defendant can read and has read the complaint. Based on an actual reading of the Amended Complaint, Plaintiff has properly alleged a violation of the FCCPA and provided the Defendant with more than sufficient notice.

Defendant also argues that the monthly statements sent by the Defendant may have included other language. The Defendants hypothetical argument as to matters outside of the pleadings is entirely improper.[8] Defendant is trying to raise a defense through its motion to dismiss. Plaintiff is not required to rule out every possible defense to plead a claim under FCCPA. Defendant acknowledges that the monthly statement included a statement that the monthly statements were being provided to members of the public for "Informational Purposes." Defendant argues that this was a "disclaimer." Yet, Defendant again ignores Plaintiff's facts in the Amended Complaint which state that:

> Members of the public began complaining to Defendant about Defendant's attempt to collect on a discharged debt. But Defendant did not change its behavior. Rather, Defendant simply added language to the monthly invoices claiming that the statements were bring provided "For Information Purposes." **Said statement was false and/or misleading in that the statements were made for the purpose of inducing payment and reflect consciousness of guilt on the part of the Defendant. Defendant further claimed that it was not attempting to collect on the "debt" and not demanding payment. Said statements were false and/or misleading in that there was no "debt" and the statement was made for the purpose of inducing payment on the "loan" and/or debt, which had been discharged. The statements were made with the intent to continue to induce and/or pressure members of the public to pay on the discharged debt. Yet, Defendant then told Plaintiff that it was a "debt" collector.**

See Am. Compl. ¶¶ 23-26 (emphasis added).

---

[8] Moreover, Defendant is in possession of all of the monthly statements, so Defendant can easily produce those statements and attach them to its Answer in support of affirmative defenses, etc.

Defendant also argues that the debt still exists, even though it has been discharged in bankruptcy. This is blatantly false and not supported by citation to <u>any</u> legal authority. It is contrary to the *Ross* and *Randolph* decisions of the Seventh Circuit. Defendant further argues that the "Loan must continue to exist and accrue interest and fees according to the Loan terms so that the secured creditor can have an accurate record of the amounts owed at the time of the disposition of the collateral." [See D.E. 21 at p. 8] This argument is likewise unsupported by <u>any</u> legal authority and contrary to the *Ross* and *Randolph* decisions. Moreover, Defendant is ignoring (no doubt on purpose) the fact that Defendant told the Plaintiff that she <u>*owed*</u> this amount to the Defendant. Thus, the evidence (i.e., the facts, which must be assumed as true for the purposes of a motion to dismiss), shows that the Defendant provided the statements –not for "Informational Purposes"—but to induce payment from the Plaintiff. The facts show that Defendant violated the FCCPA.

## IV.     PLAINTIFF HAS ALLEGED CAUSATION AND ACTUAL HARM UNDER FDUTPA

Whether Florida's Deceptive and Unfair Trade Practice Act ("FDUTPA") applies to Defendant requires factual findings. At this time, Defendant claims that it is a federally regulated bank and thus exempt from FDUTPA. Yet, this is not alleged in the Amended Complaint and there is no evidence to support this <u>argument</u> made by the Defendant. Defendant is asking this Court to look beyond the pleadings. This is a defense that the Defendant must plead and prove. The Amended Complaint is not subject to dismissal because the facts, upon which the Defendant relies, are not plead in the Amended Complaint. It is well-settled law that, in ruling on a defendant's motion to dismiss, a court is limited to the four-corners of the complaint.

Like its arguments with respect to Counts I and II, Defendant ignores the allegations in the Amended Complaint related to Count III. Defendant identifies the elements for a FDUTPA claim, but then argues that Plaintiff fails to allege Defendant's misconduct, causation and that Plaintiff was harmed. To the contrary, Plaintiff alleged:

> Defendant continued to collect on a debt, which it knew had been discharged in bankruptcy and in violation of the law.  As a result of the bankruptcy, Defendant knew that Plaintiff and members of the class were in serious financial troubles.  Defendant also engaged in unfair and deceptive trade practices by sending false, misleading and/or deceptive monthly statements/invoices to the Plaintiff indicating that a debt was still owed to the Defendant, when Defendant knew said debt was not owed to the Defendant.  Plaintiff has been harmed as a result of the Defendant's misconduct.  **Through its deceptive and/or unfair practices, Defendant has caused actual damage to Plaintiff**.  See Am. Comp. ¶¶ 63-65 (emphasis added).

As this Court can *easily* see, Plaintiff has alleged the unfair and deceptive trade practice and that Defendant's misconduct caused actual harm to Plaintiff.[9]  If Defendant simply read the Amended Complaint, Defendant would know that Plaintiff has properly alleged the elements to support the FDUTPA claim, including actual harm to the Plaintiff.

## V.   THE ELEMENTS OF CONVERSION HAVE BEEN PROPERLY PLED

As Defendant admits in its motion, Florida law requires three (3) elements to support a claim for conversion. The elements are: "(1) an act of dominion wrongfully asserted; (2) over another's property; and (3) inconsistent with his ownership therein." [D.E. 21 at p. 10].  Unfortunately, like Defendant's arguments with respect to Counts I, II and III, Defendant ignores the factual allegations in Plaintiff's Amended Complaint.  Defendant just needs to read the Amended Complaint.  The Amended Complaint states:

> **Defendant wrongfully asserted dominion over Plaintiff's property and said dominion was inconsistent with Plaintiff's ownership**.  Each month, Defendant obtained money from Plaintiff under false pretenses.  Defendant sent deceptive, false and misleading statements to Plaintiff so Defendant could obtain Plaintiff's property and deprive her of the use of said property.  The money was delivered each month at the same time, by one act and in one mass.  Through its actions, Defendant then took Plaintiff's money.  At all relevant times, **Defendant's control and possession of the monies was unauthorized.  Defendant's use was contrary to Plaintiff's enjoyment.**

---

[9] Defendant tries to argue that the Plaintiff was not harmed.  This is Defendant's *argument*.  This does not involve facts alleged in the Amended Complaint.  Defendant's *argument* that Plaintiff continued to enjoy the use of her property is *not* a defense to any of Plaintiff's claims and is not alleged in the Amended Complaint.  The victims of Defendant's actions were not required to take action to stop Defendant's fraud or deceptive acts.  Not only is Defendant's position *contrary* to the *facts* alleged in the Amended Complaint, Defendant does not cite to *any* law to support its *argument*, which is legally flawed.

11

> **Defendant unlawfully misappropriated the money and deprived Plaintiff of the use of said money permanently or for an indefinite period of time. Defendant's unauthorized use of Plaintiff's money has caused harm to Plaintiff.**
> See Am. Comp. ¶¶ 67-72 (emphasis added).

As this Court can *easily* see, the first sentence clearly and unequivocally states all three elements needed for a conversion claim. These allegations are accepted as true for the purpose of a motion to dismiss and all inferences are to be made in Plaintiff's favor.

Because Plaintiff properly alleged these elements required for a conversion claim, Defendant then uses twisted logic to argue that Plaintiff must alleged that the *statements* were "unauthorized" and that Plaintiff intentionally delivered the money to Defendant. Contrary to Defendant's attempt to twist the facts and the law, it is *not* the "statements" that must be unauthorized by the Plaintiff. Rather, it is the use of Plaintiff's property (i.e., the money), which must be unauthorized. As this Court can *easily* see from the allegations stated above, Plaintiff has properly alleged that Defendant's control and use of Plaintiff's money was *unauthorized*. Defendant's attempt to twist the facts and law on their head should reassure this Court that Defendant's motion to dismiss is without merit and that Plaintiff has properly pled the conversion claim.

Lastly, Defendant claims that Plaintiff "intentional delivered" the funds to Defendant, which purportedly gave Defendant authority. Yet, this is mere *argument* by Defendant. Defendant is trying to convince this Court to ignore the allegations in Plaintiff's Amended Complaint. As pled, Defendant obtained Plaintiff's property **under false pretenses** (*i.e.*, through false, deceptive and fraudulent monthly statements). As the Court can *easily* see, Defendant wholly ignores this allegation. The false pretenses, under which Defendant obtained Plaintiff's money, eviscerates any "authority" Defendant claims to have had.

Defendant claims that the Plaintiff failed to allege facts sufficient to state a claim for conversion of money. As set forth above, Plaintiff specifically alleged that "The money was delivered

12

each month at the same time, by one act and in one mass." Thus, the money can be "identified."[10] Defendant ignores these facts (again no doubt on purpose), which show its motion to dismiss lacks merit. As this Court can *easily* see, Defendant is not being candid with this Court concerning the allegations of the Amended Complaint.

## VI.   THE MISREPRESENTATION CLAIMS HAVE BEEN PROPERLY PLED

Given the Defendant's repeated lack of candor with this Court concerning the facts alleged in the Amended Complaint, it is not surprising that Defendant misstates and misrepresents the facts relating to the misrepresentation claims alleged in Counts V and VI. In this case, the Defendant is misconstruing the purpose of Rule 9 and the pleading requirements. The purpose of Rule 9 is to ensure that a defendant has fair notice of the fraud. *Schaeffer v. Eden*, 209 F.R.D. 460 (N.D. Kan. 2002). Thus, a complaint need only apprise a defendant of the who, what, when, where, and how of the fraud. "What constitutes 'particularity' will necessarily differ with the facts of each case…." *Benchmark Electronics*, 343 F.3d 719, 723 (5th Cir. 2003) (quoting *Guidry v. Bank of LaPlace*, 954 F.2d 278 (5th Cir. 1992).[11]

Here, Plaintiff has clearly and concisely alleged that Defendant sent monthly statements to the Plaintiff after the debt was discharged in bankruptcy. Am. Compl. ¶ 15. The Amended Complaint further alleges that, in those monthly statements, Plaintiff misrepresented the debt, to falsely state that

---

[10] In its Motion to Dismiss, Defendant notes that "Money is capable of identification where it is delivered 'at one time, by one act and in one mass, *or* where the deposit is special and the identical money is to be kept for the party making the deposit....'" [D.E. 21 p. 10-11]. (emphasis added) Defendant is focused merely on the second manner in which money can be identified and ignores that Plaintiff properly pled the first manner, by which money can be "identified." Again, Defendant is misleading this Court as to the facts. Plaintiff clearly alleged facts to support the conversion of money.

[11] Again, in a conclusory fashion, Defendant states the elements necessary for a fraud claim and a negligent misrepresentation claim. Yet, the Defendant does not identify any element, which Plaintiff has failed to plead. Defendant cannot simply state the elements and then claim that Plaintiff has failed to plead the facts. **To meet its burden of showing that it is entitled to dismissal, Defendant must identify the facts (*i.e.*, elements) that purportedly have not been alleged by Plaintiff.**

money was owed to the Defendant. Am. Compl. ¶¶ 16-28.  Thus, the Amended Complaint clearly and concisely states the following:

    i.     **Who** – Defendant, Bank of America;

    ii.     **What** – Made false and misleading statements regarding the discharged debt;

    iii.     **When** – Every month since the bankruptcy discharge;

    iv.     **Where** – In the monthly statements received by mail from the Defendant;

    v.     **How** – By misrepresenting the money owed to the Defendant and knowing that the debt had been discharged in bankruptcy and with the intent to induce Plaintiff to pay money to the Defendant.

Contrary to Defendant's false assertions, the Amended Complaint states the time when the statements were made (*i.e.* monthly).  Contrary to Defendant's false argument, the Amended Complaint clearly states the place where the misrepresentations were made (*i.e.*, in the monthly statements).  As this Court can <u>easily</u> see, Defendant's position lacks merit.

Defendant argues that statements must be identified in the Amended Complaint.  Yet, the misrepresentations are clearly and precisely stated in the Amended Complaint.  In paragraph 17, Plaintiff alleges that:

> Defendant advised Plaintiff of the "Monthly payment breakdown" and "Home Payment Due" and that "If we do not receive the next scheduled loan payment…the loan may be assessed a late charge."  Defendant also continued to state a duration for the discharged "debt," such as "Contractual remaining term 7 years 9 months" and the "loan maturity date."  Defendant told Plaintiff that she had an "Outstanding Balance" and a "Total Principal Balance" that was still due and owing. Defendant told Plaintiff that the payment had a due date and there was a "Current Payment Due" and "Minimum Payment Due."  Defendant further referred to "your loan" thereby implying that a loan still existed, when in fact said "loan" obligation had been discharged in bankruptcy, and Defendant knew it.

As this Court can <u>*easily*</u> see, Defendant is not reading the pleading.  As reflected above, the Amended Complaint clearly states the precise statements made by the Defendant to induce Plaintiff to make payment of money to Defendant.  These statements indicated that Plaintiff still owed a debt to

the Defendant, which was false. Plaintiff has properly pled the facts to support the misrepresentation claims and provide the Defendant with fair notice of its wrongdoing.

Next, Defendant argues that "**Plaintiff has not, and cannot, allege that she justifiably relied on any representation**." [D.E. 21 at p. 14] (emphasis added). This is again, blatantly *false*. Defendant should be sanctioned as a result of its blatant misstatement of the Amended Complaint. Contrary to Defendant's false statements, Plaintiff alleged that she relied on Defendant's representations and that the reliance was justified. Specifically, Plaintiff alleged that "**Plaintiff *relied* on the truthfulness of the fraudulent and misleading statements by providing money to the Defendant**." Am. Compl. ¶ 77 (emphasis added). And, Plaintiff alleged that "**Plaintiff justifiably relied upon the Defendant's misrepresentation** and has been injured as a result thereof." Am. Compl. ¶ 85 (emphasis added). As this Court can *easily* see, Defendant's statements to this Court lack candor. Plaintiff has properly alleged the element of reliance. The motion to dismiss must be denied.[12]

Finally, Defendant claims that "**Plaintiff has not specifically alleged what was obtained through the fraud**." [D.E. 21 at p. 14] (emphasis added). Again, like every other argument made by the Defendant regarding the facts alleged in the Amended Complaint, this too is blatantly false. In paragraph 76, Plaintiff specifically alleged that "**Defendant obtained *money* from Plaintiff through the use of false and misleading statements and said representations were material**." Am. Compl. ¶

---

[12] Defendant has filed a bankruptcy application to argue that Plaintiff was represented by counsel throughout the bankruptcy and, thus, knew or should have known of Defendant's fraud. First, Defendant's leap of logic is most amazing. The bankruptcy application does not prove that Plaintiff was represented by counsel throughout the bankruptcy. Rather, it proves only that the Plaintiff had counsel at the time the bankruptcy was filed. Secondly, as alleged in the complaint, the relevant time period is the date the debts were discharged in bankruptcy. [See Exhibit A, Bankruptcy Discharge Orders.] There is no proof that Plaintiff was represented by counsel after the bankruptcy discharge. Defendant's attempt to argue that a plaintiff must seek legal counsel to help her understand a defendant's fraud is unsupported by law. There is no legal requirement that a victim of fraud hire legal counsel to explain the fraud. But more importantly, the Defendant is improperly asking this Court to look beyond the four-corners of the Amended Complaint. If the Defendant wants to raise this issue as an affirmative defense, Defendant can certainly try to do so. But this is not proper in relation to a motion to dismiss.

15

76 (emphasis added).  As noted above, paragraph 77 of the Amended Complaint states that "Plaintiff relied on the truthfulness of **the fraudulent and misleading statements by providing *money* to the Defendant**."  As this Court can *easily* see, not only does the Amended Complaint provide fair notice to the Defendant, the Amended Complaint states the specific facts, which Defendant claims are missing.  Plaintiff is not required to identify the money by serial number.

Again, the burden is on the Defendant to prove that it is entitled to dismissal.  In ruling on Defendant's motion, all inferences are to be made in favor of the Plaintiff.  Defendant has failed to identify what allegations are missing, which render Plaintiff's misrepresentation claims defective.  ***Plaintiff is not required to guess as to what facts/elements the Defendant claims Plaintiff failed to plead***.  Given the Defendant's clear misrepresentations concerning the allegations supporting every other count and the fact that Plaintiff has properly alleged the who, what, where, when and how of the fraud, it is not surprising that the Defendant would claim that certain facts are missing, without actually identifying those specific facts.  Defendant cannot meet its burden of proving that it is entitled to dismissal by simply stating, in a conclusory fashion, that more facts are needed.  Defendant must actually read the Amended Complaint and explain what missing facts cause the pleading to be deficient (*i.e.*, the who, what, when, where or how).  Because the Defendant has failed to identify the allegations that are missing (the who, what, when, where or how), the Defendant's motion to dismiss must be denied.

## CONCLUSION

As this Court can easily see, Defendant has misrepresented the allegations and ignored almost all of the facts alleged in the Amended Compliant.  Defendant's arguments regarding the contents of the Amended Complaint are false and lacking in candor.  If Defendant seeks notice of the claims asserted against the Defendant, the Defendant need only read the Amended Complaint.  All of the facts, which Defendant claims are not alleged, are actually alleged.  Plaintiff has properly pled all of

the claims. Defendant has failed to meet its burden of showing that it is entitled to dismissal of any claim. Rather, Defendant's blatant and repeated misrepresentation of the contents of the Amended Complaint should subject Defendant to sanctions.

WHEREFORE, Plaintiff respectfully requests that this Court deny the Defendant's Motion to Dismiss and any other relief this Court deems just and proper, including granting leave to correct any deficiencies that the Court feels need to be corrected.

Respectfully submitted,

THE STABENOW LAW FIRM, PLLC
*Counsel for Plaintiff*
300 South Biscayne Blvd., #1026
Miami, Florida  33131
Telephone:  (305) 904-3777
Facsimile: (305) 357-0962
Tony@StabenowLaw.com

By:  /s/ Tony Lee Stabenow, Esq.
Tony L. Stabenow, Esq.
Florida Bar No.: 0033328

**CERTIFICATE OF SERVICE**

I hereby certify that on April 18, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and furnished a copy to Plaintiff via CM/ECF at:

Sara F. Holladay-Tobias
Florida Bar No. 0026225
sfhollad@mcguirewoods.com
Emily Y. Rottmann
Florida Bar No. 093154
erottmann@mcguirewoods.com
McGUIREWOODS LLP
50 N. Laura Street, Suite 3300
Jacksonville, FL 32202
(904) 798-3200
(904) 798-3207 (fax)

By:   /s/ Tony Stabenow
Tony Lee Stabenow, Esq.
Fla. Bar. No. 033328