IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  12-CIV-80808- RYSKAMP/HOPKINS

GAYLE HELMAN, an individual,

      Plaintiff,

vs.

BANK OF AMERICA, successor by merger to BAC Home Loan Servicing, LP f/k/a/ Countrywide Home Loan Servicing, LP.

      Defendant.                                           /

**FIRST SET OF REQUEST FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT**

Plaintiff hereby requests that Defendant produce and/or make the following available for inspection and/or copying, at address of Plaintiff's attorney, the following documents within the time required by law, or such other time as the parties may agree.  Defendant must fully comply with Rule 34 with respect to the production of documents stored in electronic format.  Defendant can use PDF format, unless placing the document in PDF format will cause information to be lost.

**CERTIFICATE OF SERVICE**

I hereby certify that on March 13, 2013, I served the foregoing Request for Production of Documents on Defendant by serving the Defendant by U.S. Mail to:

Sara F. Holladay-Tobias
Florida Bar No. 0026225
sfhollad@mcguirewoods.com
Emily Y. Rottmann
Florida Bar No. 093154
erottmann@mcguirewoods.com
McGUIREWOODS LLP
50 N. Laura Street, Suite 3300
Jacksonville, FL 32202
(904) 798-3200
(904) 798-3207 (fax)

Respectfully submitted,   THE STABENOW LAW FIRM, PLLC
*Counsel for Gayle Helman*
300 South Biscayne Blvd., #1026
Miami, Florida 33131
Telephone: (305) 904-3777
Facsimile: (305) 357-0962
Tony@StabenowLaw.com

By: __/s/ Tony Stabenow__
      Tony L. Stabenow, Esq.
      Florida Bar No.: 0033328

### DEFINITIONS AND INSTRUCTIONS

A. If you are an entity, the phrase "You" shall refer to all employees, agents, representatives, <u>attorneys</u>, relied upon by you in relation to the matters at issue in this Lawsuit.

B. "Person and "persons" shall refer to individuals and entities, including but not limited to, joint owners, companies, partnerships, joint ventures, corporation, trusts and estates.

C. "Document" and "documents" shall refer to all written, recorded, or graphic matter, however produced or reproduced, of every kind and description, whether produced internally or received from outside sources or in electronic data format, including without limiting the generality of the foregoing, all originals, copies, and drafts, of all papers, books, notes, emails, letters, correspondence, memoranda, catalogs, warranties, minutes of meetings, facsimiles transfer lists, shareholder lists, opinion letters, letters of understanding, letters of intent, private placement memoranda, SEC Form 504, 505, 506 Offer Statements, Private Placement Memorandum (PPM), S.E.C. filing, memoranda of telephone conversations, telegrams, photographs, prospectus, drawings, sketches, feasibility studies, interoffice communications, patents, licenses, testing reports, laboratory reports, agreements, ledgers, books of account, summaries, computer print-outs, proposals, suggestions, legal pleadings, bills of sale, loan agreements, promissory notes, assignment contracts, indemnity agreements, security agreements, account records, vouchers, checks, invoices,

drafts, receipts, bills, statistical records, notebooks, calendars, appointment books, diaries, agendas, time sheets, logs, transaction files, credit reports, notations, notes, minutes of meetings, sound records, photo records or tape recordings or other data compilations from which information can be obtained, any transcripts thereof, bulletins, circulars, press releases, notices, instructions, advertisements, work assignments, film, videotapes, film negatives, research, articles, treatises, and including all attachments and enclosures thereto.  When "communications" are sought, the request includes all documents (i.e., emails, facsimile, notes, etc.) reflecting a communication.

D.   "All documents" and "each and every document," as used in this request for production mean all documents of the class requested, and includes all documents in your immediate possession and control, and or all documents that can be obtained from other persons subject to your direction or control, including, but not limited to, agents, employees, officers, directors, attorneys and accountants.

E.   **You are requested to produce all files in the condition in which they are regularly maintained and, if copies are provided, reproduction in the same format is requested, to include file jackets, labels dividers, and all other matters needed to properly simulate the file as it is maintained by you**.  **If the items are maintained in electronic format, such as emails, you are required to produce such emails in native format so as to preserve all relevant data.**

F.   If any documents are withheld on a claim of privilege, you must provide a written response setting forth the following information *at the time of production*:

   (a)   identify the privilege claimed;

   (b)   state the date the document was prepared;

   (c)   state the author and recipient(s) of the document; and

  (d) state the general subject matter of the document (which is not necessarily the same as the subject line of an email);

  (e) state the type of document (letter, email, etc.)

 G. The party serving this discovery request will require the production of original documents as stored in the ordinary course of business, or as segregated by category of response to which the documents are responsive. All documents produced in response to this request shall be presumed to be authentic for all purposes, including, but not limited to, for use at trial and at any other proceedings in this matter. In either case, the party serving this discovery request hereby demand an opportunity to inspect the file or container in which all documents responsive to this discovery request are stored.

 H. The terms "reflect", "concern" or "concerning" means relating to, referring to, showing, tending to show, describing, evidencing and/or constituting.

 I. The conjunction "and" as well as the conjunction "or" shall each be interpreted in every instance as meaning "and/or" and shall not be interpreted so as to exclude any information otherwise within the scope of any discovery request.

 J. As used herein the singular shall include, the plural, the plural shall include the singular, the masculine, feminine and neuter shall include each of the other genders

 K. "Any" shall include the word "all" and the word "all" shall include the word "any."

 L. You are requested to produce those documents that are in your possession, custody, and <u>control</u>, as well as the possession, custody and control of your agents, principals, representatives or employees, such as accountants and <u>attorneys</u>, including but not limited to emails sent to or received by any and all attorneys (including those used by you in bankruptcy). "Control" means that if you wanted the documents for your purposes, the party possessing those documents would provide those documents to you upon your request.

M.     Unless otherwise stated, the applicable time frame is from September 1, 2004 to the time of your response.

A.     Unless otherwise stated, the scope of these request for documents is limited to loans, notes or debts not reaffirmed in bankruptcy where the borrower obtained a discharge from bankruptcy and: (1) you owned the loan, note, or debt as a creditor prior to the bankruptcy discharge, or (2) you serviced the loan, note, or debt after the bankruptcy discharge (either on your own behalf or behalf of someone else).  The loan, note or debt includes all debt instruments, including HELOC's, first mortgages, second mortgages, etc., whether or not secured by property.

N.     The phrase "this lawsuit" refers to the above-named action against you.

O.     The term "debt" means any obligation of a borrower (and/or defendant) to pay money arising out of a transaction.

P.     The term "creditor" means someone who is owed a debt.

Q.     The term "originator" means the party who originated the loan and/or who owned the loan originally - prior to the sale to a securitized trust, Freddie Mac, Fannie May, etc.

R.     The term "property" refers to the real estate currently in the name of Gayle Helman and located at 2825 Casita Way, Apt. 207, Delray Beach, Florida, 33445.

S.     The term "the Plaintiff" or Gayle Helman shall refer to Gayle Helman named as the Plaintiff in this action.

T.     The phrase "when the debtor files for bankruptcy protection" refers to the time when the debtor provides notice of seeking bankruptcy protection.

U.     Unless otherwise noted, the phrase "discharged debt," refers to a debt that was not reaffirmed by the bankruptcy court.

V.     You have a continuing duty to update these responses at all times.

W. You are not allowed to "read into" the request to make it so it cannot be responded to. Rather, you are to err on the side of responding to the request, act in good faith and produce the documents.

X. If you refuse to produce any document based on a claim of "confidential" personal information of a customer, including financial information, you must act in good faith, including working with counsel for the Plaintiff to reach a confidentiality agreement designed to help protect the "customers" whom you have defrauded.

Y. If you believe any document not to be authentic, you must specifically identify the document. Otherwise, all documents produced by you will be presumed to be authentic.

Z. If you believe any request is <u>unduly</u> burdensome, you must identify the specific request and explain why you believe it is unduly burdensome. Failure to properly assert the objection to a specific request and attempt to resolve it in good faith, as require by law, by explaining why it is unduly burdensome, results in a waiver of the objection pursuant to law.

## DOCUMENTS TO BE PRODUCED

1. All communications with Plaintiff relating to the mortgage and note.
2. All loan records relating to Plaintiff's loan and mortgage.
3. All documents relating to Plaintiff's loan and mortgage.
4. All records showing Plaintiff's payment history.
5. All notes concerning Plaintiff's loan and mortgage.
6. All communications relating to Plaintiff's mortgage and note.
7. All documents that you intend to rely on to oppose class certification in this case.
8. A copy of the employee file for Krestina Karlar.
9. All documents reviewed by Krestina Karlar in relation to this case.

10. All documents, including but not limited to emails, relating to Plaintiff, including all emails sent to or received by Krestina Karlar.

11. All documents, including but not limited to emails, relating to the Property, including all emails sent to or received by Krestina Karlar.

12. All documents, which you believe supports your contention that Plaintiff lacks standing.

13. All documents reflecting your policies and/or procedures for identifying persons, who have filed bankruptcy on debts you owned prior to filing of bankruptcy (irrespective of whether you still claim to own "a debt" after the filing of bankruptcy).

14. All documents reflecting your policies and/or procedures for identifying persons, who filed bankruptcy on debts you service (irrespective of whether you service the debt(s) on your behalf or on behalf of third parties).

15. All documents reflecting your policy and/or procedures for handling debts where the debtor files for bankruptcy protection (irrespective of whether you are the creditor at the time or the originator at the time of bankruptcy).

16. All documents reflecting your policies and/or procedures for identifying debts, which have been discharged in bankruptcy (as opposed to debts, which are not discharged in bankruptcy).

17. All manuals reflecting your procedures for handling bankruptcies of borrowers on loans you own and/or service.

18. All manuals reflecting the interaction between your bankruptcy department and your foreclosure department.

19. All documents which show the duties of the various departments within your organization.

20. All documents which reflect how the various departments within your organization interact with one another.

21. All documents reflecting communications with Freddie Mac concerning the Property, including all communication with and/or through attorneys at McGuire & Woods.

22. All documents reflecting communications with Freddie Mac concerning Plaintiff, including all communication with and/or through attorneys at McGuire & Woods, LLP.

23. All documents reflecting communications with Freddie Mac concerning this lawsuit, including all communication with and/or through attorneys at McGuire & Woods, LLP.

24. All documents reflecting communications concerning the monthly statements being sent by you to persons who had their debts discharged in bankruptcy.

25. All documents reflecting communications with a creditor (for whose debt you serviced) concerning the monthly statements being sent by you to persons who had their debts discharged in bankruptcy.

26. All communications with a creditor (for whom you serviced a debt discharged in bankruptcy) that concern the effect of bankruptcy on the debt.

27. All documents concerning the Plaintiff's property, including but not limited to all communication with the attorney you now share with Freddie Mac (McGuire & Woods, LLP).

28. All documents concerning the Plaintiff's mortgage or note, including but not limited to all communication with the attorney you now share with Freddie Mac.

29. All monthly statements sent to Plaintiff following the discharge in bankruptcy in June 2010.

30. All communications (including memorandum) which concern your decision to create the monthly statements at issue in this lawsuit (i.e., those statements that you sent to Plaintiff following her bankruptcy discharge in June 2010).

31. All communications concerning the creation of (i.e., drafting, providing input for content or language) any of the monthly statements sent by you to Plaintiff following her bankruptcy discharge in June 2010.

32. All communications about the contents (i.e., the language or representations) to be made and/or included in the monthly statements, which you sent to Plaintiff following her discharge in bankruptcy in June 2010.

33. All communications about the contents (i.e., the language or representations) to be made and/or included in the monthly statements, which you (either as a creditor or as a servicer for a creditor) sent to borrowers who had filed for bankruptcy protection.

34. All communications about purpose of the monthly statements, which you (either as a creditor or as a servicer for a creditor) sent to borrowers who had filed for bankruptcy protection, including Plaintiff.

35. All communications about purpose of the monthly statements, which you (either as a creditor or as a servicer for a creditor) sent to borrowers who had their debts discharged in bankruptcy.

36. All documents reflecting your attempt to treat discharged debts (i.e., debts that were not reaffirmed in bankruptcy), as debts that you would "forgive" so you could seek the benefits of a settlement you entered into with the Department of Justice.

37. All tax related documents, which concern your attempt to "forgive" debts of borrowers who already had their "debts" discharged in bankruptcy, including Plaintiff.

38. All documents reflecting the borrowers (including the number of borrowers) who filed bankruptcy on debts, upon which you were a creditor prior to the borrower filing for bankruptcy protection.

39. All documents reflecting the borrowers (including the number of borrowers) who filed bankruptcy on debts, upon loans that you serviced prior to the borrower filing for bankruptcy protection.

40. All documents reflecting the borrowers (including the number of borrowers) who have filed bankruptcy on debts, where you were a servicer after the discharge from bankruptcy.

41. All documents which reflect your procedures for tracking whether you are a creditor or servicer of a debt and/or loan.

42. All manuals provided to your employees, which concern the handling of debts discharged in bankruptcy.

43. All manuals provided to your employees, which concern the collection of debts.

44. All documents reflecting procedures you have put in place to ensure your compliance with the federal fair debt collection practices act, including debts that are discharged in bankruptcy.

45. All documents which provide instruction and/or guidance materials for your employees in handling the debts that have been discharged in bankruptcy.

46. All documents concerning any attempt by Plaintiff to modify the loan on the property, including all internal communications concerning a loan modification.

47. All documents reflecting your decision to send a different monthly statement to a borrower because he or she has filed for bankruptcy protection.

48. All documents reflecting your decision to send a different monthly statement to a borrower because he or she has obtained a discharge in bankruptcy.

49. All documents reflecting those borrowers who paid money to you (as the creditor or as a servicer) on debts that were discharged in bankruptcy.

50. All documents reflecting the amount of money borrowers paid money to you (as the creditor or as a servicer) on debts that were discharged in bankruptcy.

51. All documents reflecting complaints made to you by borrowers, whose debts had been discharged from bankruptcy and which concern the monthly statements you sent to them regarding the discharged debt.

52. All documents, including memorandum, concerning complaints made to you by borrowers who did not reaffirm the debts in bankruptcy and which concern the monthly statements you sent to them concerning the discharged debt.

53. All documents tending to show when you knew each borrower had filed for bankruptcy protection.

54. All documents which tend to show that, by sending the monthly statements to the borrowers, you intended to induce the borrowers to make payment to you.

55. All communications that you have had with anyone, including internal memoranda, concerning your intent in sending the monthly statements to borrowers who had their debt discharged in bankruptcy.

56. All documents reflecting conversations with Freddie Mac regarding the note and mortgage on the Property (in the name of Gayle Helman), including any assignment on the property.

57. All documents reflecting informal and formal complaints regarding monthly statements sent to borrowers who had filed fro bankruptcy protection.

58. Your entire file for the defendant (Gayle Helman).

59. All notes made in your computer system, concerning the debts of Gayle Helman.

60. All entries made in your computer system concerning the debts of Gayle Helman.

61. All documents, including emails, which refer to Gayle Helman, in any way.

62. All documents reflecting any and all payments made by Gayle Helman.

63. All documents reflecting any communication with Gayle Helman regarding the refinancing the loan on the property.

64. All documents reflecting any communications with Gayle Helman regarding a short sale of the property.

65. All audio recordings made by you of Gayle Helman.

66. All documents (including but not limited to emails and minutes of board meetings) concerning Gayle Helman.

67. All documents, including but not limited to emails, which reflect the subjects or matters discussed at the training of employees located in your contested and/or litigation foreclosure department, including the training of Krestina Karlar.

68. All documents, including but not limited to emails, which reflect the training received by Krestina Karlar while employed with you.

69. All documents, including but not limited to internal emails, which reflect communications about this lawsuit.

70. All documents, including internal emails, reflecting your decision to continue to send monthly statements for debts that have been discharged in bankruptcy, including the basis for sending the monthly statements.

71. Copies of all orders, whereby sanctions were imposed upon you by a bankruptcy court for violation of a bankruptcy stay due to your actions by trying to collect on a debt that had been discharged in bankruptcy.

72. All documents reflecting the location of the original note and mortgage on the property currently in the name of Gayle Helman (including any notes of who has had access to those original documents).

73. All documents which reflect your decision to share the same attorney with Freddie Mac in relation to the property currently in the name of Gayle Helman.

74. All documents reflecting an accounting through the master transaction history relative to Gayle Helman.

75. All documents reflecting an accounting through a general ledger relative to Gayle Helman.

76. The original note and mortgage for the Property currently in the name of Gayle Helman.

77. All documents, including emails, which refer to Freddie Mac in relation to this Property.

78. All documents reflecting the debts (i.e., loans, notes, etc.) you serviced and which went into bankruptcy.

79. All documents, including board meetings, concerning your analysis of the effect of a bankruptcy filing in relation to your attempt to continue to collect on the debt.

80. All documents reflecting how you train the employees you designate as "corporate representatives."

81. All communications with Plaintiff concerning the loan at issue in this lawsuit.

82. All communications concerning an assignment of the note or mortgage on the Property.

83. All documents reflecting an assignment of the note and/or mortgage on the Property.

84. Any and all documents you intend to introduce at trial, not otherwise covered by the foregoing request.

85. All documents referred to or reviewed in preparing the response to these request for documents.