**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

CASE NO.:  12-CIV-80808- RYSKAMP/HOPKINS

GAYLE HELMAN, an individual,

      Plaintiff,

vs.

BANK OF AMERICA, successor by merger to BAC Home Loan Servicing, LP f/k/a/ Countrywide Home Loan Servicing, LP.

      Defendant.                                              /

**FIRST SET OF INTERROGATORIES TO DEFENDANT**

Plaintiff hereby requests that Defendant answer the following interrogatories under oath within the time required by law, or such other time as the parties may agree.

**CERTIFICATE OF SERVICE**

I hereby certify that on March 13, 2013, I served the foregoing Interrogatories on Defendant by serving the Defendant by U.S. Mail at:

Sara F. Holladay-Tobias
Florida Bar No. 0026225
sfhollad@mcguirewoods.com
Emily Y. Rottmann
Florida Bar No. 093154
erottmann@mcguirewoods.com

McGUIREWOODS LLP
50 N. Laura Street, Suite 3300
Jacksonville, FL 32202

| | |
|---|---|
| Respectfully submitted, | THE STABENOW LAW FIRM, PLLC<br>*Counsel for Gayle Helman*<br>300 South Biscayne Blvd., #1026<br>Miami, Florida 33131<br>Telephone: (305) 904-3777<br>Facsimile: (305) 357-0962<br>Tony@StabenowLaw.com<br><br>By: ___/s/ Tony Stabenow___<br>      Tony L. Stabenow, Esq.<br>      Florida Bar No.: 0033328 |

**Definitions and Instructions**

A.  If you are an entity, the phrase "You" shall refer to all employees, agents, representatives, <u>attorneys</u>, relied upon by you in relation to the matters at issue in this Lawsuit.

B.  The word "person(s)" shall refer to all entities and individuals, including but not limited to, joint owners, companies, partnerships, joint ventures, corporations, trusts and estates, and parent and subsidiary corporations.

C.  "Document" and "documents" shall refer to all written, recorded, or graphic matter, however produced or reproduced, of every kind and description, whether produced internally or received from outside sources, including without limiting the generality of the foregoing, all originals, copies, and drafts, of all papers, books, letters, correspondence, memoranda, catalogs, warranties, minutes of meetings, facsimiles transfer lists, shareholder lists, opinion letters, letters of understanding, letters of intent, private placement memoranda, SEC Form 504 Offer Statements, offering statements or circulars, memoranda of telephone conversations, telegrams, photographs, prospectus, drawings, sketches, feasibility studies, interoffice communications, patents, licenses, testing reports, laboratory reports, agreements, ledgers, books of account, summaries, computer print-outs, proposals, suggestions, legal pleadings, bills of sale, indemnity agreements, security agreements, account records, vouchers, checks, invoices, drafts, receipts, bills, statistical records, notebooks, calendars, appointment books, diaries, agendas, time sheets, logs, transaction files, credit reports, notations, notes, minutes of meetings, sound records, photo records or tape recordings or other data compilations from which information can be obtained, any transcriptions thereof, bulletins, circulars, press releases, notices, instructions, advertisements, work assignments, film, videotapes, film negatives, research, articles, treatises, and including all attachments and enclosures thereto

D. Documents shall also include matters stored in an electronic medium, such matters being, among others, voice mail messages and files; backup voice mail files; e-mail messages and files; word processing documents; spreadsheets; presentation documents; graphics; animations; images; instant messages and/or instant message logs; backup e-mail files; deleted e-mail data files; program files; backup and archived tapes; temporary files; system history files; website log files; cache files; cookies and other electronically recorded information.

E. Electronic documents shall also include matters described as accurate data; deleted data; backup data; metadata; migrated data; replicate data; residual data; and legacy data.

F. The terms "reflect", "concern" or "concerning" means relating to, referring to, showing, tending to show, describing, evidencing and/or constituting.

G. The conjunction "and" as well as the conjunction "or" shall each be interpreted in every instance as meaning "and/or" and shall not be interpreted so as to exclude any information otherwise within the scope of any discovery request.

H. As used herein the singular shall include, the plural, the plural shall include the singular, the masculine, feminine and neuter shall include each of the other genders

I. "Any" shall include the word "all" and the word "all" shall include the word "any."

J. **In answering these questions, you are required to refer to any and all documents that are in your possession, custody, and <u>control</u>**, as well as the possession, custody and control of your agents, principals, representatives or employees, such as accountants and attorneys, including but not limited to emails sent to or received by any and all attorneys. "Control" means that if you wanted the documents for your purposes, the party possessing those documents would provide those documents to you upon your request.

K. Unless otherwise stated, the applicable time frame is from September 1, 2004 to the time of your response.

L.  The term "identify" means to state or provide a statement of:

   a. in the case of a person other than a natural person, its name, the address of its principal place of business (including zip code), its telephone number, and the name of its chief executive officer, as well as, if it has a person other than a natural person that ultimately controls it, that other person's name, the address of that person's principal place of business (including zip code), that other person's telephone number, and the name of that other person's chief executive officer;
   b. in the case of a natural person, his or her name, business address and telephone number(s);
   c. in the case of a communication, the date, type (e.g., telephone conversation or discussion), the place where it occurred, the identity of the person who made the communication, the identity of the person who received the communication, the identity of each other person present when the communication was made, and the subject matter discussed; and
   d. in the case of a document, the title of the document, the author, the title or position of the author, the type of document, the subject matter, the location of the document, the date of preparation, and its number of pages.

M.  Unless otherwise stated, the scope of these interrogatories is limited to loans, notes or debts not reaffirmed in bankruptcy where the borrower obtained a discharge from bankruptcy and: (1) you owned the loan, note, or debt as a creditor prior to the bankruptcy discharge, or (2) you serviced the loan, note, or debt after the bankruptcy discharge (either on your own behalf or behalf of someone else).  The loan, note or debt includes all debt instruments, including HELOC's, first mortgages, second mortgages, etc., whether or not secured by property.

N.  The phrase "this lawsuit" refers to the above-named action against you.

O.  The term "debt" means any obligation of a borrower (and/or defendant) to pay money arising out of a transaction.

P.  The term "creditor" means someone who is currently owed a debt.

Q.  The term "originator" means the party who originated the loan and/or who owned the loan originally - prior to the sale to a securitized trust, Freddie Mac or Fannie May.

R.  The term "property" refers to the real estate currently in the name of Gayle Helman and located at 2825 Casita Way, Apt. 207, Delray Beach, Florida, 33445.

4

S. The term "the Plaintiff" or Gayle Helman shall refer to Gayle Helman named as the Plaintiff in this action.

T. The phrase "when the debtor files for bankruptcy protection" refers to the time when the debtor provides notice of bankruptcy.

U. Unless otherwise noted, the phrase "discharged debt," refers to a debt that was not reaffirmed by the bankruptcy court.

V. You have a continuing duty to update these responses at all times.

W. You are not allowed to "read into" the question to make it so it cannot be responded to. Rather, you are to err on the side of responding to the question fully and completely by acting in good faith.

X. If the response can be more easily answered, but still be completely and fully answered in connection with the interrogatory response, by attaching a copy of a document such a lease, notice, etc., then kindly provide a copy of said documents and explain to which interrogatory the documents is responsive. However, the document provided in response to an interrogatory must fully answer the interrogatory.

## INTERROGATORIES

1. Please identify, in detail, all oral and written communications you have had with Freddie Mac about this lawsuit (including any communications made through McGuire & Woods, LLP).

ANSWER:

2. Please identify, in detail, all oral and written communications you have had with Freddie Mac concerning Plaintiff (including any communications made through McGuire & Woods, LLP).

ANSWER:

5

3. Please identify the name, job title, and business address of each person who assisted in locating documents responsive to Plaintiff's request for production of documents served contemporaneously herewith, including all IT personnel. For each person, kindly provide a detailed statements of the actions taken by them to locate documents.
ANSWER:

4. Please identify all persons involved in creating (i.e., drafting, providing input for content or language) any of the monthly statements sent by you to Plaintiff following her bankruptcy discharge in June 2010.
ANSWER:

5. Please identify, in detail, all actions taken by you to locate documents that are responsive Plaintiff's request for production of documents served contemporaneously herewith.
ANSWER:

6. Please identify all reason why you believe that Plaintiff lacks standing in this action.
ANSWER:

7. Please identify all matters, which you intend to use expert testimony in relation to class certification in this matter.
ANSWER:

8. Please identify the names, addresses and phone numbers of all experts, which you intend to rely on in relation to class certification in this matter.
ANSWER:

9. Please state, in detail, all of reasons why you believe class certification is inappropriate in this case.
ANSWER:

10. For each reason why you believe that class certification is inappropriate in this case, please provide the facts which you believe support that contention.
ANSWER:

11. Please state the names, address, and phone numbers of all borrowers who filed bankruptcy in situations where you were the "creditor."
ANSWER:

12. Please state the names, address, and phone numbers of all borrowers who filed bankruptcy in situations where you were the "servicer."
ANSWER:

13. For the borrowers listed in response to the two previous questions, identify all borrowers who you continued to send monthly statements after bankruptcy discharge.
ANSWER:

14. For all borrowers listed in the previous three questions, please identify all borrowers, who you sent monthly statements to after their bankruptcy discharge.
ANSWER:

15. For all borrowers listed in the previous question, please identify the amount of money you collected from each borrower after their bankruptcy discharge.
ANSWER:

16. Please explain why you sent monthly statements and/or letters sent to borrowers, including Plaintiff, regarding a loan, debt, and/or obligation after said loan, debt, and/or obligation was discharged in a bankruptcy proceeding.
ANSWER:

17. Kindly explain the reason why you included, in the monthly statements, the interest purportedly accumulated on loans, debts and/or obligations which had been discharged in bankruptcy.
ANSWER:

18. Please identify all judicial, administrative proceeding, public or private consumer protection agency or office, and all customer complaints in which it was alleged that you either sent documents in an attempt to collect on a discharged debt and/or received monies for a loan, debt or obligation that was discharged in bankruptcy.
ANSWER:

19. Kindly identify the name, residence and business addresses and phone numbers, and job position of all person(s) and/or entities who may have knowledge of any facts relating to matters alleged in Plaintiffs' Amended Complaint, including any former employees, as well as any attorney who assisted in the drafting of the monthly statements. For each person, please describe the knowledge, which you believe this person may have.
ANSWER:

20. Please identify the name, residence and business addresses and phone numbers, and job position of all person(s) and/or entities who may have knowledge of any facts relating to your defenses. For each person, please describe the knowledge, which you believe this person may have.
ANSWER:

21. Please identify all communications (oral or written) between you and any other person or entity, in any way relating to letters and/or monthly statements sent to borrowers regarding any debt, loan and/or obligation discharged in bankruptcy.
ANSWER:

22. Please explain whether you believe that a borrower who discharges a debt in bankruptcy still owes a debt to you.
ANSWER:

23. Please explain whether you consider yourself to continue to be a creditor of a borrower, who has had their debts discharged in bankruptcy.
ANSWER:

24. Please identify all written notices sent by you to Gayle Helman since June 2010.
ANSWER:

25. Please identify all complaints made to you concerning the written notices sent by you to borrowers, who had filed a bankruptcy action.
ANSWER: