UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-80808-CIV-RYSKAMP/HOPKINS

GAYLE HELMAN, an individual,

    Plaintiff,

vs.

BANK OF AMERICA, successor by
Merger to BAC Home Loan Servicing,
LP f/k/a Countrywide Home Loan
Servicing, LP,

    Defendant.
_____/

### ORDER GRANTING MOTION TO REFER CASE TO BANKRUPTCY COURT

THIS CAUSE comes before the Court pursuant to Defendant Bank of America, N.A.'s ("BANA") motion to refer case to bankruptcy court, filed May 30, 2013 **[DE 43]**. Plaintiff Gayle Helman ("Helman") responded on June 24, 2013 **[DE 63]**. BANA replied on July 10, 2013 **[DE 79]**. This motion is ripe for adjudication.

### I.    BACKGROUND

In February and November 2004, respectively, Helman obtained from BANA a home mortgage loan and a home equity line of credit on property located at 2825 Casita Way, Apt. 207, Delray Beach, Florida ("Property"). On May 13, 2009, Helman filed a voluntary petition for relief pursuant Chapter 7 of Title 11 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq*. (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Florida, West Palm Division (the "Bankruptcy Court"), case captioned 09-19174-PGH (the "Bankruptcy Case"). The bankruptcy petition identified a first and second

mortgage owed to BANA on the Property. On August 24, 2009, Helman received a discharge pursuant to section 727 of the Bankruptcy Code (the "Discharge Order"). On June 9, 2010, the Bankruptcy Court issued its Final Decree and the Bankruptcy Case was closed.

Helman alleges in this action that, despite the bankruptcy discharge, BANA continued to send her "monthly statements" indicating that Helman still owed a debt to BANA. Although Helman makes no specific allegation of any particular payment, she implies in the Amended Complaint that she continued to make monthly payments.

On July 30, 2012, Helman filed this action against BANA, maintaining that BANA's sending the notices after the alleged discharge violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*; the Florida's Consumer Collection Practices Act ("FCCPA"), Fl. Stat. Ch. 559; and the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fl. Stat. Ch. 501. Helman also brought state law claims for conversion, fraudulent inducement, and negligent misrepresentation. Helman alleges BANA's continued sending of the notices was in violation of the bankruptcy injunction pursuant to section 524(a)(2) of the Bankruptcy Code.[1]

BANA requests that this matter be referred to the Bankruptcy Court pursuant to the Bankruptcy Order of Reference, 28 U.S.C. §§ 157,1334, and 1452, and Local Rule 87.2 on the grounds that proceedings to enforce statutory injunctions under section 524(a)(2) of the Bankruptcy Code are "core" proceedings under 28 U.S.C. § 157 that "arise under" the

---

[1] Section 524(a) of the Bankruptcy Code provides: "A discharge in a case under this title… (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover, or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived…"

Bankruptcy Code.

## II.  LEGAL STANDARD

On July 11, 1984, the Chief United States District Court Judge for the Southern District of Florida entered that certain Order of Reference (the "Order of Reference").  The Order of Reference provides, in relevant part, " . . . it is hereby ORDERED that any and all cases arising under Title 11 and any or all proceedings arising in or related to a case under Title 11 shall be referred to the Bankruptcy Judges for the District."  [DE 44-1.]

Local Rule 87.2 of the United States District Court for the Southern District of Florida (the "Local Rules") provides:

> Pursuant to 28 U.S.C. § 157(a) and the General Order of Reference entered July 11, 1984, all cases arising under Title 11 of the United States Code, and proceedings arising in or related to cases under Title 11, United States Code, have been referred to the Bankruptcy Judges for this District and shall be commenced in the Bankruptcy Court pursuant to the Local Bankruptcy Rules.  The General Order of Reference also applies to notices of removal pursuant to 28 U.S.C. § 1452(A) which shall be filed with the Clerk of the Bankruptcy Court for the Division of the District where such civil action is pending.  The removed claim or cause of action shall be assigned as an adversary proceeding in the Bankruptcy Court.

The Discharge Order provides, in relevant part,

> The discharge prohibits any attempt to collect from the debtor(s) a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor(s). . . . A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

Pursuant to 28 U.S.C. § 157(a) and the Order of Reference, all cases "arising under" the

4

Bankruptcy Code and proceedings "arising in" or "related to" cases under the Bankruptcy Code, are referred to the Bankruptcy Judges for the Southern District of Florida and "shall" be "commenced" and prosecuted in the Bankruptcy Court.

### III.  DISCUSSION

A.  **Application of Section 524(a)(2)**

Helman alleges that BANA violated the injunction by continuing to contact her after she received a discharge.  Proceedings to enforce this statutory injunction under section 524(a)(2) of the Bankruptcy Code are "core" proceedings under 28 U.S.C. § 157 that "arise under" the Bankruptcy Code.  *See Alderwoods Grp., Inc. v. Garcia*, 682 F.3d 958, 973 (11th Cir. 2012) (bankruptcy court that entered discharge order is only court with power to impose sanctions for violations of its order).

"In determining whether a claim falls within the exclusive jurisdiction of [a court], courts must look to the true nature of the action, instead of merely relying on the plaintiff's characterization of the case." *Friedman v. United States*, Case No. Civ.A.1:02CV2461-BBM, 2003 WL 22429685, at *3 (N.D. Ga. 2003) (quoting *Roberts v. United States*, 242 F.3d 1065, 1068 (Fed. Cir. 2001)).  "The 'nature of a pleading' is determined by its 'substance, not its label." *AT&T Mobility LLC v. Bushman*, Case No. 11-80922-CIV-RYSKAMP, 2011 WL 5924666 (S.D. Fla. Sept. 23, 2011) (quoting *Armstrong v. Capshaw, Goss & Bowers, LLP*, 404 F.3d 933, 936 (5th Cir. 2005)).

Without the right to a post-discharge injunction, Helman would have no basis on which to assert her claim.  As a result, her claim "arises under" the Bankruptcy Code.  Civil proceedings

"arising under" Title 11 "are matters invoking a substantive right created by the Bankruptcy Code." *In re Toledo*, 170 F.3d 1340, 1345 (11th Cir. 1999) (citing *Wood v. Wood (In re Wood)*), 825 F.2d 90, 97 (5th Cir. 1987)). *Matter of Arnold*, 206 B.R. 560, 562 (Bankr. N.D. Ala. 1997) (lender's post-discharge collection efforts in violation of discharge injunction, and former debtor's subsequent payments, lead to "core" bankruptcy proceeding); *In re Kiker*, 98 B.R. 103, 103-04 (Bankr. N.D. Ga. 1988) (suit to enforce discharge injunction of section 524(a)(2) of the Bankruptcy Code is a "core" proceeding).

The remedy for a violation of a discharge order is to seek sanctions from the bankruptcy court that issued the injunction. *Pereira v. First N. Am. Nat. Bank*, 223 B.R. 28, 31 (N.D. Ga. 1998) (dismissing a former debtor's district court complaint under state law regarding a creditor's post-discharge correspondence, stating "the court whose order has been defied must entertain the contempt action."). "Where, as in this case, a debtor thinks a creditor is acting in violation of a bankruptcy court's § 524 discharge order, relief is properly sought in the first instance from the bankruptcy court rather than in the district court which only has appellate jurisdiction over bankruptcy cases." *Yaghobi v. Robinson*, 145 Fed. Appx. 697, 699 (2nd Cir. 2005) (affirming district court's dismissal of FDCPA and state-law claims based on creditor's discharge injunction violation of former debtor) (internal citations omitted). The vast majority of courts considering the question hold that there is no private right of action under section 524 of the Bankruptcy Code. *See, e.g., Matter of Miller*, 81 B.R. 669, 673 (Bankr. M.D. Fla. 1988) ("Thus, if a debtor is entitled to any relief, the same must be accorded by resorting to a contempt proceeding…"); *In re Harbour Oaks Dev. Corp.*, 228 B.R. 801, 804 (Bankr. M.D. Fla. 1999) ("It is true that § 524 does not expressly allow for damages, costs or attorneys fees, or create a private

right of action. This omission does not appear to be accidental considering other sections such as 11 U.S.C. § 362(h) in which Congress expressly provided similar remedies."); *Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 422 (6th Cir. 2000) ("… no such right of action exists."); *Walls v. Wells Fargo Bank*, 276 F.3d 502, 510 (9th Cir. 2002) ("[t]he Bankruptcy Code provides its own remedy for violating § 524, civil contempt under § 105."); *Bessette v. Avco Fin. Servs., Inc.*, 230 F.3d 439, 444 (1st Cir. 2000) ("a remedy is readily and expressly available through another section of the Bankruptcy Code, namely, § 105(a)"); *Cox v. Zale Delaware, Inc.*, 239 F.3d 910, 917 (7th Cir. 2001) (holding that a suit for violation of section 524 of the Bankruptcy Code can be brought only as a section 524(a)(2) of the Bankruptcy Code contempt action)..

      Section 524 of the Bankruptcy Code does not include any provision expressly providing a private right of action or the recovery of damages, attorneys' fees or costs for an alleged violation of the discharge injunction. The omission is intentional. Courts finding that section 524 of the Bankruptcy Code grants no private right of action support this holding by comparing section 524 of the Bankruptcy Code with Bankruptcy Code section 362 of the Bankruptcy Code, which expressly allows an individual debtor to recover actual damages, costs, attorneys' fees and punitive damages. *See* 11 U.S.C. § 362(k)(1) ("[A]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."); *Walls*, 276 F.3d at 508-510 (comparing and contrasting §§ 362 and 524 and noting that "Congress certainly knows how to create a private right of action when it wants to."); *Pertuso*, 233 F.3d at 421-23 (comparing and contrasting §§ 362 and 524 and noting that "Congress amended § 524 at the same time it amended § 362, but no private right of action was added in § 524.").

### B. Application of Section 524(a)(2) to State Law Claims

Helman's state-law claims are not properly before this Court. Congress preempted state-law remedies when it established a discharge injunction in section 524 of the Bankruptcy Code. *Pertuso*, 233 F.3d at 426 (affirming dismissal of purported class action by former debtors for creditor's post-discharge correspondence and debtors' subsequent payments); *see also Bessette v. Avco Fin. Servs., Inc.*, 230 F.3d at 447 ("an alternative state court remedy… is inevitably in conflict with Congress's plan that federal courts enforce § 524 through § 105."); *In re Cultrera*, 360 B.R. 28, 32 (Bankr. D. Conn. 2007) (holding that Bankruptcy Code pre-empts post-bankruptcy claims for violation of discharge injunction) (citing *E. Equip. & Servs. Corp. v. Factory Point Nat. Bank, Bennington*, 236 F.3d 117, 120-21 (2d Cir. 2001)). In dismissing a former debtor's class-action state-law claims regarding her post-bankruptcy payments to a creditor of debts that had been discharged, the United States District Court for the Northern District of Georgia stated:

> Here, the Bankruptcy Code provides the remedial scheme for addressing violations of Sections 362 and 524, including the filing of civil contempt proceedings under the bankruptcy court's inherent contempt power and Section 105. A proper complaint filed in the appropriate forum may allow the Plaintiff to take advantage of these remedies. *Congress clearly intended violations of the Bankruptcy Code provisions relating to the automatic stay and post-discharge injunction to be addressed in the bankruptcy court rather than in state law actions…*

*Pereira*, 223 B.R. at 31-32 (emphasis added).

Helman cites cases from other jurisdictions for the proposition that preemption of state law claims by the Bankruptcy Code should be analyzed using a narrower "conflict preemption"

analysis rather than the broader "field preemption" analysis. However, the United States Bankruptcy Court for the Southern District of Florida has already held that the Bankruptcy Code "governs the field" of federal bankruptcy law and preempts state law claims on this basis. *See In re Rosenberg*, 471 B.R. 307, 315 (Bankr. S.D. Fla. 2012) (holding that state law claims were preempted on "field" preemption theory because "Congress has enacted a comprehensive statute—the United States Bankruptcy Code, as amended—which governs the field of federal bankruptcy law"). Allowing Helman to assert a putative nationwide class action for what is essentially an alleged violation of the Bankruptcy Discharge Order and section 524 of the Bankruptcy Code would contravene the Congressional remedy for such violations that has been established in the inherent contempt power of the Bankruptcy Court under Section 105 of the Bankruptcy Code.

**C.     Dismissal of FDCPA Claim**

Helman argues that her FDCPA claim is not displaced by the Bankruptcy Code because it is based on an allegation of "false or misleading statements" under 15 U.S.C. § 1692e rather than a violation of the bankruptcy discharge injunction. Helman relies on *Rios v. Bakalar & Associates, P.A.*, 795 F. Supp. 2d 1368, 1369-70 (S.D. Fla. 2011). *Rios* held that the Bankruptcy Code did not prevent the plaintiff from asserting an FDCPA claim under Section 1692e of the FDCPA against a debt collection law firm. The other cases cited by Helman in support of this argument also involve FDCPA claims asserted against debt collectors. *See Randolph v. IMBS, Inc.*, 368 F.3d 726, 729 (7th Cir. 2004) (analyzing FDCPA claim brought against debt collection agencies and noting that "[a] distinction between creditors and debt collectors is fundamental to

the FDCPA, which does not regulate creditors' activities at all"); *Turner v. J.V.D.B. & Assocs., Inc.*, 330 F.3d 991, 997 (7th Cir. 2003) (analyzing FDCPA claim brought against debt collection agency). The existence of a debtor-creditor relationship is critical to determining whether FDCPA claims are precluded by the Bankruptcy Code because "the bankruptcy laws do not generally apply to third parties who have no relationship to the debtor or the debtor's assets." *In re Pariseau*, 395 B.R. 492, 494 n.1 (Bankr. M.D. Fla. 2008) (quoting *Chaussee v. B–Real,* LLC, 2008 Lexis 1026 (Bankr.W.D.Was. March 25, 2008)). Therefore, *Rios* is distinguishable because it held that the Bankruptcy Code did not prevent the plaintiff from asserting an FDCPA claim under Section 1692e of the FDCPA against a debt collection law firm, an entity that did not have a debtor-creditor relationship with the plaintiff.

The allegations of the Amended Complaint establish that BANA is not a "debt collector" that is subject to the FDCPA. *See* Am. Compl. [D.E. 13] ¶7 ("Defendant was creditor of the Plaintiff, as defined by the Fair Debt Collection Practices Act."); *Bentley v. Bank of Am., N.A.*, 773 F. Supp. 2d 1367, 1371 (S.D. Fla. 2011) ("[U]nder the FDCPA, consumer's creditors, a mortgage servicing company, or an assignee of a debt are not considered 'debt collectors,' as long as the debt was not in default at the time it was assigned.") (quoting *Reese v. JPMorgan Chase & Co.,* 686 F.Supp.2d 1291, 1308 (S.D. Fla. 2009) (dismissing the FDCPA claim with prejudice where complaint indicated that defendants were creditors and mortgage servicers and were therefore specifically excluded under the FDCPA)). Because BANA is not a "debt collector," Helman fails to state a claim under the FDCPA as a matter of law. Therefore, the FDCPA claim is dismissed.

10

## IV.     CONCLUSION

THE COURT, being fully advised and having considered the pertinent portions of the record, hereby

ORDERS AND ADJUDGES that the motion to refer case to bankruptcy court, filed May 30, 2013 **[DE 43]**, is GRANTED.  The above-styled case is hereby REFERRED to the United States Bankruptcy Court for the Southern District of Florida.  Count one of the Amended Complaint, seeking relief pursuant to the FDCPA, is DISMISSED WITH PREJUDICE.  The Clerk of Court shall CLOSE this case and DENY any pending motions as MOOT.  This matter is REMOVED from the November 3, 2014 trial calendar.

DONE AND ORDERED at Chambers in West Palm Beach, Florida, this 6th day of August, 2013.

S/Kenneth L. Ryskamp  
KENNETH L. RYSKAMP  
UNITED STATES DISTRICT JUDGE