IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  12-CIV-80808- RYSKAMP/HOPKINS

GAYLE HELMAN,

    Plaintiff,

vs.

BANK OF AMERICA, etc.

    Defendant.

_____/

**PLAINTIFF'S MOTION FOR RECONSIDERATION, REHEARING, OR CLARIFICATION OF THIS COURT'S AUGUST 7, 2013 ORDER**

    Plaintiff, hereby files this Motion for Reconsideration, Rehearing or Clarification of this Court's August 7, 2013 Order [D.E. 82] and states as follows:

    1.    Plaintiff respectfully requests that this Court reconsider, rehear or clarify the following issues raised by this Court's August 6, 2013 Order.[1]

    2.    First, Plaintiff has never alleged that Defendant violated an injunction.  As noted in the Order, the Court is to look at the <u>substance</u>, and not the label or characterization attached to a cause of action.  The substance of Plaintiff's allegations do not allege a violation of any injunction. Although the August 7, 2013 Order states that Plaintiff has alleged a violation of an injunction, this is simply not true.  This finding is contrary to the pleadings in the record. The Defendant's characterization of the pleading cannot change the substance of the pleadings.

    3.    Second, this Court's August 7, 2013 Order concludes that Plaintiff had no claims without the discharge injunction.  This too is not correct.  If the bankruptcy injunction were never issued, Plaintiff's FDCPA claims would still survive.  All of the claims at issue in this lawsuit

---

[1] Through the instant motion, Plaintiff is trying to ensure that the Court reaches the correct result and that the Court is fully aware of the facts in the record.

involve false and misleading misrepresentations, which are <u>not</u> governed by any injunction order. The bankruptcy injunction does <u>not</u> prohibit false and misleading misrepresentations, nor does the injunction attempt to prohibit false or misleading representations.  On the other hand, the FDCPA *does* prohibit false and misleading misrepresentations.  Thus, Plaintiff has not alleged a violation of any injunction and Plaintiff's FDCPA claims arise independently of the any injunction order.

   4. Third, while the Amended Complaint alleges that Defendant <u>*was*</u> a creditor <u>*before the bankruptcy*</u> (*i.e.,* that Defendant formerly was a creditor), the Amended Complaint alleges that Defendant was no longer a "creditor" <u>*after the bankruptcy*</u>.  The claims at issue in this case arose <u>after</u> the bankruptcy (*i.e.*, when Defendant was no longer Plaintiff's creditor).  In deciding a motion to dismiss, all doubts and reasonable inferences are to be made in Plaintiff's favor. *Roberts v. Fla. Power & Light Co.*, 146 F.3d 1305, 1307 (11th Cir, 1998).  The Complaint properly alleges that, after the bankruptcy, Defendant was no longer a creditor and, thus, Defendant is a debt collector.  Under the FDCPA, one must be either a creditor or a debt collector. *Bridge v. Ocwen Federal Bank, FSB*, 681 F.3d 355, 359 (6th Cir. April 30, 2012) (holding that a defendant must be either a creditor or a debt collector).  Thus, during the relevant time period, Defendant was no longer a creditor.  Instead, Defendant is deemed a debt collector under the FDCPA.  Under the law, the Defendant is subject to the FDCPA.  In her pleadings and in response to Defendant's Motion to Dismiss, Plaintiff has made clear that her claims are brought against BANA as a debt collector because BANA has not been a creditor since the bankruptcy discharge.  This Court's finding that Defendant continued to be Plaintiff's creditor, after the bankruptcy discharge, is erroneous, contrary to the pleadings and contrary to law.

   5. Fourth, with respect to the "no private right of action," Plaintiff has not brought a cause of action for violation of an injunction.  Thus, this is not an issue in this lawsuit.

6. Fifth, as for the preemption defense first raised by BANA in its Motion to Refer, BANA did not state which preemption defense it was trying to assert. There are at least three (3) different preemption defenses, which a defendant could assert. Plaintiff argued, with respect to the field preemption, that Congress did not intend to preempt all claims involving debt collection, any more than it intended to repeal the FDCPA through the Bankruptcy Code. The *Rios* decision makes clear that Congress did not intend to repeal the FDCPA through the Bankruptcy Code. And, in the FDCPA, Congress specifically allowed state law claims regarding the collection of debts to supplement the FDCPA. *See* 15 U.S.C. Section 1692 (n).

7. Lastly, given that the Court has dismissed Count I and also ruled that all of Plaintiff's state-law claims are preempted by the Bankruptcy Code, it is unclear what is being referred to the Bankruptcy Court. Because Plaintiff has not alleged a violation of an injunction or filed a motion for contempt, it is also unclear how the Bankruptcy Court has jurisdiction over this case. Plaintiff respectfully request that this Court clarify exactly what is being transferred to the Bankruptcy Court.

WHEREFORE, Plaintiff respectfully request that this Court enter an order reconsidering, rehearing or clarifying its August 7, 2013 Order and such other relief as this Court deems just and proper.

Respectfully submitted,

                         THE STABENOW LAW FIRM, PLLC
                         *Counsel for Plaintiff*
                         300 South Biscayne Blvd., #1026
                         Miami, Florida  33131
                         Telephone:  (305) 904-3777
                         Facsimile: (305) 357-0962
                         Tony@StabenowLaw.com

                         By:  /s/ Tony Lee Stabenow, Esq.
                             Tony L. Stabenow, Esq.
                             Florida Bar No.: 0033328

**CERTIFICATE OF SERVICE**

    I hereby certify that on August 8, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and furnished a copy to Plaintiff via CM/ECF at:

Sara F. Holladay-Tobias
Florida Bar No. 0026225
sfhollad@mcguirewoods.com
Emily Y. Rottmann
Florida Bar No. 093154
erottmann@mcguirewoods.com
Kathleen H Dooley
kdooley@mcguirewoods.com
C. Curtis Griner
cgriner@mcguirewoods.com
Daniel F. Blanks
dblanks@mcguirewoods.com
McGUIREWOODS LLP
50 N. Laura Street, Suite 3300
Jacksonville, FL 32202
(904) 798-3200
(904) 798-3207 (fax)

                By:   /s/ Tony Stabenow
                Tony Lee Stabenow, Esq.
                Fla. Bar. No. 033328