UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-80808-CIV-RYSKAMP/HOPKINS

GAYLE HELMAN, an individual,

    Plaintiff,

vs.

BANK OF AMERICA, successor by
Merger to BAC Home Loan Servicing,
LP f/k/a Countrywide Home Loan
Servicing, LP,

    Defendant.
_____/

**ORDER DENYING MOTION FOR RECONSIDERATION**

THIS CAUSE comes before the Court pursuant to Plaintiff's motion for reconsideration, rehearing or clarification of the August 7, 2013 order, filed August 8, 2013 **[DE 84]**. Defendant responded on August 16, 2013 **[DE 85]**. Plaintiff replied August 18, 2013 **[DE 86]**. This motion is ripe for adjudication.

The Court has stated the facts underlying this dispute in its August 7 order and will not repeat them here. In short, Plaintiff argued that Defendant's continued sending of "monthly statements" indicating that she still owed mortgage payments to Defendant despite the fact that Plaintiff had received a bankruptcy discharge violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*; the Florida's Consumer Collection Practices Act ("FCCPA"), Fl. Stat. Ch. 559; and the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fl. Stat. Ch. 501. Plaintiff also brought state law claims for conversion, fraudulent inducement, and negligent misrepresentation. The Court dismissed the FDCPA claim on the

grounds that Defendant is not a "debt collector" under the statute.

Plaintiff does not specify the rule under which she seeks reconsideration. There are generally only three grounds that justify reconsideration, however, none of which are present here. These grounds include (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *Young Apartments, Inc. v. Town of Jupiter, Florida*, Case No. 05-80765-RYSKAMP, 2007 WL 1490933, at *1 (S.D. Fla. May 21, 2007).

Plaintiff fails to identify any intervening change in controlling law, any newly discovered evidence or any need to correct a manifest error of law. The Court properly dismissed Plaintiff's FDCPA claim and held that the remainder of Plaintiff's claims are preempted by Section 524 of the Bankruptcy Code. Whereas all of Plaintiff's claims are based on the post-discharge injunction, the Court referred this matter to the Bankruptcy Court for determination of the issue of whether the bankruptcy discharge order has been violated. It is hereby

ORDERED AND ADJUDGED that the motion for reconsideration, filed August 8, 2013 **[DE 84]**, is DENIED.

DONE AND ORDERED at Chambers in West Palm Beach, Florida, this 28th day of August, 2013.

                                     S/Kenneth L. Ryskamp
                                     KENNETH L. RYSKAMP
                                     UNITED STATES DISTRICT JUDGE