UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-80808-CIV-RYSKAMP/HOPKINS

GAYLE HELMAN, an individual,

    Plaintiff,

vs.

BANK OF AMERICA, successor by
Merger to BAC Home Loan Servicing,
LP f/k/a Countrywide Home Loan
Servicing, LP,

    Defendant.
_____/

## ORDER DISMISSING AMENDED COMPLAINT WITH PREJUDICE

THIS CAUSE comes before the Court pursuant to Plaintiff Gayle Helman's ("Helman") March 26, 2015 **[DE 96]** omnibus motion, wherein Helman requests that Defendant Bank of America ("BANA") and its counsel be sanctioned, that BANA be ordered to answer the state law claims within ten days and that the Court reconsider its August 7, 2013 order referring certain of Helman's claims to Bankruptcy Court. BANA responded to this motion on April 20, 2015 **[DE 100]**. The Court held a hearing on the motion on April 24, 2015, and Helman filed a reply on April 29, 2015 **[DE 103]**. This matter is ripe for adjudication.

### I.    PROCEDURAL HISTORY

In February and November 2004, respectively, Helman obtained from BANA a home mortgage loan and a home equity line of credit ("HELOC"). On May 13, 2009, Helman filed a voluntary petition for relief pursuant Chapter 7 of Title 11 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq*. (as amended, the "Bankruptcy Code") in the United States Bankruptcy

Court for the Southern District of Florida, West Palm Division, case captioned 09-19174-PGH (the "Bankruptcy Case"). The bankruptcy petition identified a first and second mortgage owed to BANA. On August 24, 2009, Helman received a discharge pursuant to section 727 of the Bankruptcy Code. The discharge injunction specifically provided that "a creditor may have the right to enforce a lien, such as a mortgage or security interest, against the debtor(s)' property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case." [DE 100, Ex. B]. The Bankruptcy Court did not discharge the liens related either to Helman's loan or HELOC. On June 9, 2010, the Bankruptcy Court issued its final decree and closed the case.

On July 30, 2012, Helman filed this action against BANA, alleging that, despite the bankruptcy discharge, BANA continued to send her "monthly statements" indicating that Helman still owed a debt to BANA. Although Helman made no specific allegation of any particular payment, she implies in her amended complaint that she continued to make monthly payments. Helman argues that BANA's sending the notices after the alleged discharge violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*; the Florida's Consumer Collection Practices Act ("FCCPA"), Fl. Stat. Ch. 559; and the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fl. Stat. Ch. 501. Helman also brought state law claims for conversion, fraudulent inducement, and negligent misrepresentation.[1]

On August 7, 2013, this Court entered an order of referral: (1) dismissing Helman's FDCPA claim on the grounds that BANA was not a "debt collector" under 15 U.S.C. § 1692a; (2) holding that Helman's state law claims were preempted by Section 524 of the Bankruptcy

---

[1] While neither the original nor the amended complaint identify the relevant property address, the 2009 bankruptcy petition identified a first and second mortgage owed to BANA for a property located at 2825 Casita Way, Apt. 207, Delray Beach, Florida.

Code; and (3) referring the matter of BANA's alleged violation of the discharge injunction to the Bankruptcy Court.  [DE 82].

On August 8, 2013, Helman filed a motion for "Reconsideration, Rehearing, or Clarification" of the Order of Referral.  [DE 84].  This Court denied the motion on August 28, 2013.  [DE 87].

On September 4, 2013, Helman filed a Notice of Appeal.  [DE 88].  Following oral argument, the Eleventh Circuit entered an order on December 1, 2014, which it corrected on December 17, 2014, dismissing the appeal on the grounds that this Court's August 7, 2014 order of referral  was "not appealable as a final judgment under 28 U.S.C. § 1291 or an interlocutory appeal under 28 U.S.C. § 1292."  [DE 94].

On February 18, 2015, the parties appeared before Judge Hyman for a status hearing in Bankruptcy Court.  Helman refused to pursue any of her claims in the Bankruptcy Court and claimed that none of her claims sought a ruling that BANA violated the bankruptcy stay or the discharge injunction.  Judge Hyman asked Helman's counsel whether he would "agree to an entry of an order by this Court that there are no pending issues to be resolved by this Court?"  [DE 100, Ex. D, 5:7-9].  When he did not get a straight answer, Judge Hyman asked again: "Are there any claims under the Bankruptcy Code, i.e. violation of the automatic stay or something --" to which Plaintiff's counsel replied "No, there are not, Your Honor." *Id.*, 5: 14-20.  Judge Hyman also asked defense counsel whether they would "all disagree with an agreed order that would in essence say such claims are either withdrawn or denied?" *Id.*, 5:21-23.  BANA's counsel replied:

> If you would like to dismiss that count, whatever the – that was not ruled upon by Judge Ryskamp, we would have no objection to him dismissing any – any further claims that he has against – that his client has against Bank of America.

*Id.*, 6:1-5 (emphasis added). And BANA further added: "I think it would be fine, as long as we get a dismissal with prejudice as well." *Id.*, 7:24-25.

Judge Hyman dismissed the adversarial proceeding based upon Helman's decision not to proceed in Bankruptcy Court. Judge Hyman's ruling made no comment about whether the Bankruptcy Court had jurisdiction over the adversarial proceeding and only stated that, in light of Helman's refusal to prosecute her claims, Judge Hyman had no choice but to dismiss the matter:

> Upon inquiry of the Court, Helman's counsel represented to the Court that Helman opposed the referral to this Court, as Helman is not seeking from this Court a ruling that BANA, Nationstar and/or Udren violated this Court's bankruptcy stay or discharge injunction or a finding of contempt against BANA, Nationstar and/or Udren. Furthermore, upon inquiry of the Court, BANA, Nationstar and Udren all agreed that dismissal of this proceeding is thereby appropriate. Accordingly, the Court, being fully advised in the premises, hereby **ORDERS AND ADJUDGES** that the adversarial proceeding is hereby **DISMISSED**.

[DE 96-2].

Helman filed the instant motion on March 26, 2015. This matter was reopened on April 15, 2015. The Court held a hearing on this motion on April 24, 2015. This order follows.

## II.    DISCUSSION

Helman claims that this Court has jurisdiction over this matter and that the claims in the amended complaint are properly before this Court. The Court issues the following ruling on BANA's remaining state law claims.[2]

---

[2] The Court declines to reconsider its earlier ruling that BANA is not a "debt collector" under 15 U.S.C. § 1692a.

On a motion to dismiss, while the Court takes the plaintiff's allegations as true, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003) (citing *South Florida Water Mgm't Dist. v. Montalvo*, 84 F.3d 402, 406 (11th Cir. 1996)). Plaintiff's obligation to provide the grounds for her entitlement to relief requires more than "labels and conclusions," and a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The point is to 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Davis v. Coca-Cola Bottling Co.*, 516 F.3d 955, 974 (11th Cir. 2008) (quoting *Twombly*, 550 U.S. at 545) and finding allegations insufficient to meet *Twombly* standard). A complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 545. "Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft*, 556 U.S. at 679. A determination of whether a complaint states a plausible claim for relief requires the reviewing court "to draw on its judicial experience and common sense." *Id.* When a plaintiff fails to plead factual content permitting the court to infer more than the mere possibility of misconduct, it has not "shown" entitlement to relief. *Id.* (quoting Fed.R.Civ.P. 8(a)(2)).

BANA first argues that the amended complaint is a shotgun pleading that fails to comply with Rule 8 notice pleading standards. BANA provides no explanation as to why the amended complaint does not satisfy Rule 8. The motion to dismiss for failure to comply with Rule 8 is denied.

BANA also moves to dismiss the state law counts for failure to state a claim pursuant to

6

Rule 12(b)(6).  Count two of the amended complaint alleges that BANA violated the FCCPA by engaging in post-discharge collections.  The amended complaint, however, fails to identify the specific provision of the FCCPA under which Helman is proceeding.  Helman's opposition indicates that Helman is proceeding under Fl. Stat. § 559.72(9) which makes it unlawful to "claim, attempt or threaten to enforce" any debt that the defendant knows is not legitimate.  To the extent that such is case, Helman's FCCPA claim under this subsection fails because she does not plausibly allege any "claim, attempt or threat[] to enforce" the loan.  Discharge of Helman's liability for the loan does not obliterate the debt or its security.  The discharge merely relieves Helman of her obligation to make payments.  "Valid liens that have not been disallowed or avoided survive the bankruptcy discharge of the underlying debt." *Estate of Lellock v. Prudential Ins. Co. of America*, 811 F.2d 186, 189 (3d Cir. 1987); *Johnson v. Home State Bank*, 501 U.S. 78, 83 (1991) (noting that "a discharge extinguishes only the personal liability of the debtor . . . a creditor's right to foreclose on the mortgage survives or passes through the bankruptcy") (internal quotation marks and citations omitted).  Indeed, the loan must continue to exist and accrue interest and fees according to the loan terms so that the secured creditor can have an accurate record of the amounts owed at the time of the disposition of the collateral.  As a result, a secured creditor's offering the option of satisfying by payment of loan amount is not prohibited by a valid lien on property. *See Cusato v. Springfield Fin., Inc. (In re Cusato)*, 485 B.R. 824, 828 (Bankr. E.D. Pa. 2013).  Thus, statements that merely keep Helman apprised of the principal balance and other developments of the loan, but do not demand payment, do not violate Fl. Stat. § 559.72(9).

In Count three, Helman attempts to bring a cause of action against BANA under the

FDUPTA for unlawful collections activity.  Florida expressly exempts federally regulated banks such as BANA from compliance with FDUTPA.  See Fl. Stat. § 501.212(4)© (FDUTPA "does not apply to…[b]anks or savings and loan associations regulated by federal agencies."); *Caban v. J.P. Morgan Chase & Co.*, 606 F. Supp. 2d 1361, 1372 (S.D. Fla. 2009) (dismissing plaintiff's FDUTPA claims "as a matter of law because the statute does not apply to federally regulated banks.").  BANA is regulated by the Office of the Comptroller of the Currency, a federal agency. *De Leon v. Bank of Am., N.A.*, Case No. 6:09-cv-1251-Orl-28KRS, 2009 U.S. Dist. LEXIS 106845, *19 (M.D. Fla. Apr. 20, 2010) (holding that BANA is exempt from FDUTPA). Helman's FDUPTA claim fails as a matter of law.

In Count four, Helman asserts that BANA engaged in conversion by obtaining money from Helman under false pretenses.  Conversion is "an unauthorized act which deprives another of his property permanently or for an indefinite time." *Gulf Coast Produce, Inc. v. Am. Growers Inc.*, No. 07-80633-CIV, 2008 WL 660100, at *4 (S.D. Fla. Mar. 7, 2008) (quoting *Special Purpose Accounts Receivable Co-op Corp. v. Prime One Capital Co.*, 125 F. Supp. 2d 1093, 1099-1100 (S.D. Fla. 2000) (citations omitted)).  The elements necessary to state a claim for conversion are: "(1) an act of dominion wrongfully asserted; (2) over another's property; and (3) inconsistent with his ownership therein." *Id.*  Additionally, to establish a claim for the conversion of money, "there must exist a specific fund capable of separate identification." *Id.* at *5.  "Money is capable of identification where it is delivered 'at one time, by one act and in one mass, or where the deposit is special and the identical money is to be kept for the party making the deposit….'" *Id*.  Helman does not allege that she was deprived of funds through an unauthorized act.  More importantly, the "act" of sending Helman statements did not deprive

Helman of any money.  Rather, BANA obtained funds by virtue of Helman's intentional delivery of same to BANA.  Finally, Helman's claim does not concern conversion of a specific fund placed for deposit.  Helman does not allege that she deposited any funds with BANA, or with anyone else, which BANA then appropriated.

In Counts V and VI, Helman contends that BANA knowingly or negligently made false statements concerning the mortgage debt and that she relied on the "truthfulness" of these statements by providing money to BANA.  To allege a claim for common law fraud under Florida law, a party must set forth the following: (1) the defendant made a false statement or omission of material fact; (2) the defendant knew the statement was false; (3) the statement was made for the purpose of inducing plaintiff to rely on it; and (4) plaintiff's reliance was reasonable.  *See Mergens v. Dreyfoos*, 166 F.3d 1114, 1117(11th Cir. 1999); *see also Brough v. Imperial Sterling Ltd.*, 297 F.3d 1172, 1182 (11th Cir. 2002).  To allege a claim for common law negligent misrepresentation a plaintiff must state the following: (1) the defendant made a misrepresentation of material fact; (2) the defendant either knew of the misrepresentation, made the misrepresentation without knowledge of its truth or falsity, or should have known the representation was false; (3) the defendant intended to induce another to act on the misrepresentation; and (4) an injury resulted to the plaintiff who acted in justifiable reliance upon the misrepresentation.  *See Gilchrist Timber Co. v. ITT Rayonier, Inc.*, 127 F.3d 1390, 1393 (11th Cir. 1997) (citing *Baggett v. Electricians Local 915 Credit Union*, 620 So. 2d 784 (Fla. 2d DCA 1993)).

Helman has not, and cannot, allege that she justifiably relied on any representation from BANA.  With regard to reliance, "[t]he question . . . is whether the recipient of the

misrepresentation is 'justified in relying upon its truth." For if the recipient "knows that it [the statement] is false or its falsity is obvious to him,' his reliance is improper, and there can be no cause of action for fraudulent misrepresentation." *M/I Schottenstein Homes, Inc. v. Azam*, 813 So. 2d 91, 94-95 (Fla. 2002) (quoting *Besett v. Basnett,* 389 So. 2d 995, 997 (Fla. 1980) (citations omitted)). The falsity of any alleged representation that the debt was valid, to the extent that such is alleged here, would have been known or obvious to Helman because she obtained the bankruptcy discharge. The amended complaint fails to show how Helman could have been misled.

### III.   CONCLUSION

THE COURT, having considered the pertinent portions of the record and being otherwise fully advised, hereby

ORDERS AND ADJUDGES that the remaining state law claims in the amended complaint are DISMISSED WITH PREJUDICE. Helman's request for sanctions against BANA and its counsel is DENIED. The Clerk of Court shall CLOSE this case and DENY any pending motions as MOOT.

DONE AND ORDERED at Chambers in West Palm Beach, Florida, this 14th day of July, 2015.

S/Kenneth L. Ryskamp
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE